CAMPBELL<br>v.<br>PENN

One of them, that of June 5th, is "on account of shipment to Liverpool per Epaminondas;" and the other, that of June 7th, is simply, "on account." There is no doubt in my mind, however, that the first advance was made upon the faith of the expected consignment of the cotton in question; and when the second was made, the transfer on the book of the press had intervened. There was no notice of *B., W. & Co.'s* equity, nor any active intervention on their part, until after the whole amount of $24,000 had been paid to *Simpson* by the plaintiffs. I concur in what is said by the district judge, that although the advance be not simultaneous with the possession, the privilege attaches as soon as possession is acquired, in pursuance of the antecedent promise, and is effective where adverse rights are not in the mean time acquired. The cases he cites sustain this view. *Turpin* v. *Reynolds*, 14 L. R. 473. *Powell* v. *Aikin*, 18 L. R. 328. Whatever doubts we might have on the subject, if the question were *res nova*, those cases have the force of precedents, and it would operate unjustly, to disturb them now. I am therefore of opinion, that the plaintiffs should have a privilege on the whole lot of cotton transferred to them on the books of the press.

---

| 7 | 377 |
| 110 | 477 |

## JOHN DUNCAN et al. *v* THE STATE OF LOUISIANA.

The neglect of one officer of the State to do his duty, does not excuse the defalcation of another, or discharge his securities.

The law authorizing the auditor of the State to issue a warrant of distress, is not in violation of the Constitution.

APPEAL from the Third District Court of New Orleans, *Kennedy*, J. *Isaac Johnson*, Attorney General, for the State. By the court:

PRESTON, J. On the 28th of June, 1849, the auditor of public accounts issued a warrant of distress against the plaintiffs, as securities of *W. K. Stiles*, for a large amount of money due by him, as tax collector, for the Fourth Representative District of New Orleans. The plaintiffs enjoined the execution of the warrant on various grounds, two of which the district court sustained, and the State has appealed.

The warrant was issued under the 63d sec. of the act approved the 3d of May, 1847, "To provide a revenue for the support of the government of the State." It prescribes that, on the defalcation of the tax collector, the auditor of public accounts shall charge such delinquent accordingly, and immediately after such delinquency shall occur, issue a warrant of distress, which shall have the force and effect of a writ of *fieri facias* against such delinquent and his securities, directed to the sheriff of the parish where such delinquent may reside, or where his securities reside, or where property belonging to either may be. The warrant enjoined was issued against the securities alone. The court held, that it was illegal, because not issued against the defaulter as well as the securities.

But the warrant itself shows, that one had been previously issued against *Stiles*; that a small sum had been made, and that, as to the balance, no property could be found to satisfy it. The 4th sec. of the act approved the 24th of April, 1847, relative to the bonds of tax collectors and other public officers, prohibited the sale of the property of the securities before that of the principal was dis-

cussed. This having been done by the previous execution, it was useless to issue a second against him.

In the next place, the 1st sec. of an act approved the 16th of March, 1848, required the tax collectors, in the parishes of Orleans and Jefferson, within the first five days of each and every month, to have their respective accounts audited and settled, for all taxes collected and monies received during the preceding month. The district court was of opinion, that as the law required a settlement every month, and that every time a delinquency occurred, a warrant should issue, no warrant could issue for any greater amount than one month's deficit.

We held, in the case of the *State* v. *Hardesty et al.*, securities of ——, that the neglect of one officer of the State to do his duty, could not excuse the defalcation of another, or discharge his securities, and cited the highest authorities in support of the decision. We adhere to the opinion, without recapitulating the reasons.

And, for the reasons given in that opinion, if *Stiles* failed to take the oath required by the Constitution and laws from public officers, although it is not shown, or, if the auditor failed to advertise his defalcations, as required by the 35th sec. of the act to establish and regulate the treasury department, these omissions would not release the securities.

It is alleged, as a ground of injunction, that the collector was not entitled to collect the taxes upon trades, professions, licenses, &c.; and that the securities are not, therefore, liable for his defalcation as to these taxes. But the law clearly contemplates, that the collector should collect all State taxes; and the 44th sec. of the act provides, that he shall give bond for all taxes levied for State purposes.

The bond was not approved and accepted by the proper authorities on the 1st of May, 1848, as required by the statute, and, on that account, the securities allege that they are not bound. But, their principal made application for a *mandamus* to the Fifth District Court of New Orleans; and that tribunal, after hearing the attorney general, determined that the bond was sufficient, and ordered the Recorder and Finance Committee of the First Municipality to approve the bond, and give him the certificate and documents necessary, to enable him to enter upon the duties of his office, which was done. The bond thus adjudged to be sufficient, and accepted, is not a nullity, but binds the parties.

It is contended by the securities, that the law authorizing the auditor of the State to issue a warrant of distress, is a violation of the Constitution, because it is the exercise of judicial power, by an executive officer of the government. We lately held the contrary, in the case of *Bordelon* v. *The New Orleans Towboat Company*, 7 Ann. To the reasons and authorities cited, in support of that opinion, we refer, as conclusive in this case.

The judgment of the district court is reversed; and it is decreed, that the injunction be dissolved, and the appellees condemned to pay the costs in both courts.