No. 3205.—GEORGE C. BENHAM et als. *v.* W. W. COLLINS, Sheriff, et als.

A bond taken by the sheriff, under an order of the court, for the release of property under seizure, must contain all the formalities required for the execution of judicial bonds. If defective in this respect, it is not binding on the sureties. Therefore, if a bond of release of property under seizure be not signed by the principal but be only signed by the sureties, it is not binding on the principal nor the sureties.

APPEAL from the Thirteenth Judicial District, parish of Carroll. *Hough, J. J. Edwards Leonard,* for plaintiffs and appellants. *Sparrow & Montgomery,* for defendant; *M. Dubose* and *W. B. Spencer,* for Collins, Sheriff, appellees.

TALIAFERRO, J. Lucy Owen; having leased her plantation to Boss and Andrews for the years 1867 and 1868 for a large sum, specified in a written instrument, and the lessees failing to fulfill their obligations, the lessor brought suit against them and seized provisionally the crop of cotton of 1867 or that part of it which was in the fields and un-

picked at the time of the seizure and likewise all the stock, work animals, farming utensils, etc. The seizure was released under a bond, conditioned that the property should be returned and made subject to such judgment as might be obtained by the lessor, or that the obligors on the bond should pay $11,000. Benham and McMillen are sureties on this bond with Andrews as principal. Boss and Andrews, it appears, went into bankruptcy, and no active measures have since been taken to prosecute the suit. Under this state of things the two sureties bring this action against the sheriff and Lucy Owen to annul the bond and release them. The grounds taken are:

*First*—That the bond of release was not signed by the principals, Boss and Andrews.

*Second*—Because there was no law in force at the time the bond was executed, authorizing property provisionally seized for the payment of rent, to be released under bond.

The defendant in this suit, Lucy Owen, in her answer denies generally the allegations of the petition; alleges that her lessees and the plaintiffs are liable on the bond, and prays judgment against them *in solido* for the amount of the bond. The sheriff answered that on his personal responsibility he agreed to have the property seized under the lessor's writ in the hands of Andrews, and took the bond declared upon, with the plaintiffs as sureties; that Andrews converted the property released to his own use, and that through the failure of Andrews and his sureties to return the property to him, a fraud has been perpetrated upon him; that Andrews received a good and valid consideration in the use and enjoyment of the property; admits his own responsibility to Lucy Owen, but prays judgment *in solido* against the plaintiffs for the amount of the bond.

The judge *a quo* considered the bond defective as a judicial bond and gave judgment against the defendant, Lucy Owen, on her direct demand; but rendered judgment in favor of the sheriff (for the use of Lucy Owen, administratrix) against the plaintiffs, as sureties of Boss and Andrews, for $7000, on their failure to restore the property released by the bond. From this judgment the plaintiffs have appealed. The bond was signed by Andrews alone and the two sureties. The order of court, allowing the parties to give bond, authorizes Boss and Andrews to execute bond with solvent security, etc.

We think the bond clearly defective and not obligatory upon any of the parties to it. See case of King and Gerson *v.* Baker, 7 An. 571; 16 L. R. 174.

It is therefore ordered, adjudged and decreed that the judgment of the district court be annulled, avoided and reversed; that the plaintiffs be released from liability on the bond, the defendants paying costs in both courts.