## No. 3465.

### State of Louisiana v. John C. Blohm et als.

This is an action against an auctioneer and his surety on his bond for duties on sales.

The surety should hardly be heard to make such a defense as the one set up in this case—which is, that the bond was not legal at the time of the defalcation alleged against the principal, because said principal had not taken out the license and the oath required by law.

Considering that the principal is proved to have acted as auctioneer and made repeated settlements under oath, as required by law, with the Auditor, showing the amount claimed to be due the State, it is to be presumed, as against the surety, that he complied in other respects with the law.

The prescription of one and two years, based on the act of 1869, p. 45, second section, does not apply. This statute is not understood to release sureties from any liability existing at the date of its passage.

APPEAL from the Fifth District Court, parish of Orleans. *Léaumont*, J. *Hornor & Benedict*, for plaintiff and appellee. *Hays & New*, for defendant and appellant.

Howell, J. The State sued Blohm, as auctioneer, for duties on sales made by him, and joined the sureties on his bond. Judgment was rendered for the State, and Oberheuser, one of the sureties, appealed.

His defense is, first, that the bond is not legal, because at the date of the defalcation he had not taken out the license, nor taken the oath required by law. This is a defense which the surety should hardly be heard to make as to his principal. But as the principal is shown to have acted as auctioneer and made regular settlements under oath, as required by law, with the Auditor, showing the amount claimed to be due the State, we will presume, as against the surety, that he complied in other respects with the law.

State of Louisiana v. Blohm et als.

The next defense is the prescription of one and two years, based on the act of 1869, p. 45, the second section of which provides: "That within twenty days after the passage of this act, in the parish of Orleans,    *    *    *    all auctioneers' bonds at present in force shall be deemed to expire, and the sureties thereon shall not be liable on any such bond for any act of the principal on said bond, after the date of their expiration, as provided by this act."

The act which fixed the liability of the defendants in this case was committed in 1868, and we understand the last clause of the above statute to refer to the acts of the principals occurring after the date fixed for the expiration of the bonds, and not to release sureties from liability existing at the date of the passage of the statute. The principal on this bond was indebted to the State at the date of the above statute, and its language does not convey the idea that the surety on his bond was thereby released.

Judgment affirmed.