Board of School Directors vs. Brown et al.

## No. 8219.

| 33 | 383 |
| 110 | 477 |

BOARD OF SCHOOL DIRECTORS OF THE PARISH OF MADISON VS. A. V. BROWN ET AL.

The surety on an official bond cannot pretend that he is not liable because the law requires that such sureties should be residents of the State and he is not.

Sureties on a bond, binding themselves and each of them, are liable *in solido*.

The failure of the Board of School Directors to require regular accounts and settlements from their treasurer, does not discharge the sureties of the latter.

The Board of School Directors have the right to sue on the official bond furnished by their treasurer, though it is made payable to the Governor of the State.

APPEAL from the Eighth Judicial District Court, parish of Madison. *Deloney*, J.

---

*A. L. Slack* and *J. B. Stone*, District Attorney, for Plaintiffs and Appellees:

First—A surety on an official bond is estopped from pleading that he had not the requisites of a surety at the time he signed the bond. 18 An. 64; 10 R. 413; 30 An. 584–5.

Second—Article 3042, R. C. C., and the acts amending the same, are for the protection of the beneficiary of the bond, and cannot be invoked by the surety to set up his incompetency. A non-resident is bound. 30 An. 584–5; 10 R. 413; 2 H. D. 1542, No. 2; 30 An. 593; C. P. 165, Nos. 5 and 7.

Third—A surety, who, as a consideration for signing the bond of his principal, is made the depositary of the trust funds of his principal, is doubly bound in law and equity to make good any defalcation. He is in the wrong himself and equally guilty.

Fourth—Solidarity is of the essence of a contract of suretyship. 26 An. 625.

Fifth—The "Board of School Directors" is a corporation created by law, with "powers to sue and be sued." Extra Session Acts 1870, p. 17. 28 An. 739.

Sixth—A school treasurer's bond is properly made payable to the Governor. If he is not the proper payee, his assignment of the bond to the School Board is all that is sufficient. The law designates no one as the payee of such a bond, and whether in favor of A or B, or no one, is of no consequence, if the conditions have been violated and the beneficiaries are suing thereon.

Seventh—A school treasurer is not *per se* a parish officer, and the president of the police jury is not the payee or beneficiary of his bond, for the reason he is the officer of a distinct corporation.

Eighth—A surety who sets up as a defense to a suit on a bond that his principal was a defaulter, furnishes the best reasons why he should be bound; for it is an admission that the conditions of the bond have been violated.

*J. C. Seale* and *E. H. Farrar* for Defendants and Appellants :

A bond executed under a particular law must conform in all respects to the provisions of the law, or the sureties will not be bound.

The bond of a treasurer of a School Board must be payable to the district or parish board, and not to the Governor of the State. Act of 1870, Extra Session, p. 17, and Acts of 1871, p. 42, amending the same.

The bond of all State officers must be payable to the Governor, and of all parish officers to the president of the police jury. R. S. Sec. 351.

A party required to furnish security, either judicial or under the provisions of law, shall be required to furnish surety residing in this State. C. C. 3042, 3064; R. S. Sec. 351.

The Superintendent of Education is the proper person to sue on the bond of a treasurer of a School Board, in the name of the board, in case of a breach of the conditions of the bond. Acts of 1870, extra session, page 17.

An obligation *in solido* is not presumed, it must be expressly stipulated, except where an obligation *in solido* takes place of right by virtue of some provision of the law. C. C. 2093.

As a party binds himself so shall he be bound, applies to conventional obligations, but is not applicable to official bonds. H. D. p. 1023, No. 6, and authorities there cited.

Parol evidence of the acknowledgment of a debt of over five hundred dollars, made by a party since deceased, proved by only one witness, is not sufficient to establish a claim. C. C. 2277; 16 An. 255, 168; 20 An. 15; 18 An. 617; 19 An. 326.

Plaintiff should make his case certain; to make it probable is not enough. 18 An. 597; 15 An. 268 : 22 An. 378; 19 A. 121, etc.

The opinion of the Court was delivered by

LEVY, J.   The Board of School Directors of the Parish of Madison brought suit against A. V. Brown, late Treasurer of the said Board, for the recovery of the sum of $23,000 31, in which amount they allege he is indebted for moneys received by him in his said capacity, and for which he has not accounted.   They also seek to recover from B. R. Thomas (now deceased), Nathaniel Hoggatt and Moses Feibelman, *in solido*, the sum of $6000, as sureties of said Brown on his official bond.   Mrs. Virginia Thomas, individually and as tutrix of her minor children, was, on the death of B. R. Thomas, made a defendant in this suit.

Mrs. Thomas pleads that her deceased husband, B. R. Thomas, was a resident of Mississippi when the bond was signed by him, and his name and signature are, therefore, surplusage, because the law requires that sureties on legal bonds should be residents of the State; that, therefore, he could not become a legal surety, it being in contravention of a prohibitory law.   And if that exception is overruled, she pleads, in the alternative, the general issue, and avers that said bond was a joint obligation and not *in solido*, and the sureties, if liable at all, were only bound each for one-third of the bond.   She denies that Brown was in default, but if he was, it was the fault of plaintiffs in not keeping a proper supervisory control over their funds, and neglecting to require their Treasurer to render an account from time to time and settle same, as it was their duty to do, and that thereby the sureties have been discharged. Hoggatt pleads the general issue, and avers that he was induced to sign the bond by B. R. Thomas, who said he would protect or indemnify him.

Mrs. Thomas also in her amended answer pleads:

1st.   That plaintiffs show no cause of action.

2nd.   That in their so-called corporate capacity, plaintiffs had no right or authority, under the statute of Louisiana, to institute or maintain this action.

3rd. That said corporation had no property in the so-called bond, as appeared on its face, and it could not be sued on by them.

4th. That the bond sued on was not given in accordance with law, and was not intended by the sureties as a legal bond given to the District as a guaranty of the faithful performance of official duty by Brown as Treasurer.

5th. She answers further, that this suit is the result of a wicked and collusive conspiracy to obtain money from the succession of Thomas wrongfully, by and between said Brown and his co-members of said so-called corporation.

These exceptions were referred to the merits. Mrs. Thomas and Hoggatt also filed exceptions claiming the benefit of division. Brown having died, his curator was made party.

Judgment was rendered in the lower court against the curator of Brown for $8835 05, and against the sureties *in solido* for $6000, with interest, from which judgment Mrs. Thomas and Hoggatt have taken this suspensive appeal. Feibelman and Estate of Brown are appellees.

There is no doubt that B. R. Thomas was a resident of Mississippi when he signed the bond, or rather at the date of the bond, and we think that evidence to prove this was properly admissible. It is true that the act of the Legislature, embodied in the Revised Statutes, requires that sureties on legal bonds should be residents of the State, but we are of opinion that while the non-residence of a person would justify the beneficiary in objecting to the acceptance of a bond with such surety, the surety himself cannot be relieved from the obligations of his suretyship on account of his being a non-resident. See 2 Hen. Dig., p. 1542, No. 2, and authorities cited; 30 An. 593.

By the terms of the bond the parties thereto bind themselves and each of them. This constitutes a solidary obligation.

Mrs. Thomas has accepted the community; the debt, if it exists, is a community debt, and she and her children, of whom she is tutrix, are bound therefor.

The bond sued on was made payable to the Governor of the State, but the condition was that the principal obligor should well and faithfully discharge and perform all the duties incumbent on him as Treasurer of the School Board of the Parish of Madison. The School Board of the Parish of Madison was the beneficiary of the bond; it, under legislative enactment, had the right to sue and be sued. The act requiring the treasurer to give bond, does not declare to whom it should be made payable; it does, however, prescribe the duties of the Treasurer. The School Board, in whose behalf and interest the bond was given, has the right to sue for its enforcement or the violation of its conditions.

25

Defendant urges that the failure to require regular accounts from the Treasurer and regular settlements of these accounts, operated as a discharge of the sureties. We can find no merit in this defence. Mere failure to sue does not operate such discharge. We find no error in the rulings of the lower court or in the judgment rendered.

The judgment appealed from is affirmed with costs.