THE TOWN OF HENDERSONVILLE v. WILLIAM PRICE et als.

*Estoppel—Contract—Municipal Corporation—License.*

1. Although a contract be invalid at the time of its execution, yet if the parties to it go on and treat it as valid, they will be estopped to deny its validity, provided they are *sui juris*, and that the invalidity of the contract does not arise from some illegality.

2. So where the defendant executed his bond to a municipal corporation for a license tax, instead of paying cash, he is estopped from setting up as a defence that the municipal authorities had no power to take such bond and issue the license, and consequently that the bond was void.

3. While the Board of Commissioners of a municipal corporation cannot issue a license to retail liquors for a longer period than one year, the time need not begin and terminate with the term of office of the Board which grants it, for they can grant a license which extends beyond their term of office, provided that it does not exceed one year, and does not begin to take effect after their term of office has expired.

(*Com'rs* v. *Roby*, 8 Ired., 255; *Com'rs* v. *Kane*, 2 Jones, 296; distinguished and approved).

This was a CIVIL ACTION, tried before *Avery, Judge,* at the Fall Term, 1885, of the Superior Court of HENDERSON county. A trial by jury was waived, and the Court found the facts as follows:

"On the 4th day of July, 1883, the mayor and commissioners of the town of Hendersonville, took from the defend-

ants a bond for the payment of $400, for the privilege of retailing spirituous liquors in said town till July 1st, 1884, as follows:

"$400. On or before the first day of July, 1884, we, or either of us, promise to pay the Commissioners of the town of Hendersonville, four hundred dollars liquor tax, for value received of them.

"Witness our hands and seals, this the 4th day of July, 1883.

"The above bond is to be paid in installments of one hundred dollars each, at the end of every three months, to-wit: the 1st day of October, 1883, and every three months thereafter."

This bond purported to have been taken by virtue of chapter 203, Private Laws of 1847, as amended by chapter 35, laws of 1883, and especially §5 of the latter act.

This action was brought on the 5th of August, 1884, by the mayor and commissioners who succeeded the former board in May, 1884. The defendants admit the execution of the bond, and resist its payment only upon the ground that the mayor and commissioners had no power or authority to take said bond for taxes, and had no power under the said acts, or under any general law, to give to any one the power or privilege of retailing for any time after the first Monday in May, 1884, when a' new board was elected and qualified.

It was admitted as a fact that a mayor and commissioners were elected and qualified in May, 1884. Before the bond sued on was executed, the mayor and commissioners had passed an ordinance in the following words:

"Be it ordained by the Commissioners of the town of Hendersonville, in the county of Henderson, and State of North Carolina, that the following taxes, special, poll and *ad valorem*, shall be levied and collected for the purposes of improvement of streets, defraying expenses of the town, &c., viz.:

"SECTION 3. On every retailer of spirituous, vinous or malt liquors, there shall be a special privilege tax of four hundred dollars per annum, to be paid in advance or secured by bond, approved by the commissioners."

After the execution of the bond, and before the 1st day of January, 1884, the defendant Price made a payment of forty dollars on said bond. No part of the bond has ever been paid, except the said sum of forty dollars.

Upon the facts the Court held, that the plaintiff was not entitled to recover, and there was judgment accordingly. From this judgment the plaintiff appealed.

*Mr. E. C. Smith,* (*Mr. Thos. J. Rickman* also filed a brief,) for the plaintiff.

No counsel for the defendants.

DAVIS, J., (after stating the facts). The plaintiff is a body corporate, exercising its corporate powers through a mayor and board of commissioners. By the fifth section of its charter, it is provided among other things: "That in addition to the *ad valorem* tax on property and polls, the said Board of Commissioners shall have power to levy and collect the following special taxes for the privilege of carrying on the business or doing the acts herein after named, in said town, to-wit: (1.) On all licensed retailers of spirituous, vinous, malt or alcoholic liquors, not more than ten hundred dollars." By virtue of the power thus conferred, the commissioners passed the ordinance imposing a tax of $400 on retailers of spirituous liquors, as set out in the pleadings.

The special tax was "to be paid in advance, or secured by bond, approved by the Commissioners," and instead of paying it in advance, the defendant Price secured it by bond, the other defendants, and the intestate of the defendant M. S. Farmer, executing it under seal, as his sureties.

It is not denied that the plaintiff had the power to impose and collect the tax, but it is insisted for the defendant:

1. That the mayor and commissioners had no authority to take the bond for taxes.

2d. That they had no power or authority in July, 1883, to give any one license to retail for any time after May, 1884, when a new board was elected and qualified.

I. The answer to the first position is, that the defendant Price, instead of paying the tax in advance, executed his bond with sureties, approved by the board, obtained thereby a license, and enjoyed the benefit of the privilege to which the payment of the tax entitled him. He elected, for his own advantage and convenience, to give the bond instead of paying the tax in cash; it was executed under seal, and he and his sureties will not be heard to say that the commissioners had no power or authority to take such a bond. The consideration was not an illegal one, and they are estopped by its execution. "Though a contract be in fact wholly *invalid* when executed, still, (supposing it not to be prohibited by law as relating to some illegal transaction,) if it be acted upon afterward by the parties to it as valid, they will, if *sui juris*, be estopped thereafter to allege its invalidity." Bigelow on Estoppel, 575.

The commissioners were not prohibited by law from taking the bond, and, as against the defendants, its execution estops them from denying its validity. *Ryan* v. *Martin*, 91 N. C., 467, and cases there cited.

II. For the second position, the defendants rely on the authority of *Commissioners of Wilmington* v. *Roby*, 8 Ired., 255; and *The Commissioners of Raleigh* v. *Kane*, 2 Jones, 296.

These cases sustain the position, that the board of commissioners cannot issue license for more than one year, and that the tax therefor must be annual, but we do not understand, as the defendants insist, that the license must begin and terminate with the term of office of the board by which

it was granted. The Board of Commissioners for the town of Hendersonville for the year 1883, could issue a license for one year, and collect the tax for one year, but the license and the tax must be for only one year. The official term of the board of commissioners is from the first Monday in May, when elected, to the first Monday in May of the year following. The license is from the first of July of the year in which it is issued, to the first of July of the following year. The board of commissioners elected in May, 1883, had a right to issue a license for one year from the 1st of July, 1883, but they had no right to issue a license to begin after the expiration of their term of office, and that was all that was decided by the cases cited.

In *The Commissioners of Wilmington* v. *Roby*, the Board of Commissioners passed an ordinance on the 2d of January, 1844, levying a tax of $25 on a certain class of persons. It was not pretended that this tax was not valid for one year, but it was sought to collect a tax under it for 1846. RUFFIN, C. J., said: "The ordinance of January 2d, 1844, does not purport to extend to the year 1846, and, possibly, was not intended to operate beyond the year 1844. If, however, it was so intended, the commissioners exceeded their power, and for the excess, at all events, the ordinance was void."

In the case of *The Commissioners of Raleigh* v. *Kane*, under a law prohibiting the County Court of Wake from issuing license to retail spirituous liquors within the limits of the city of Raleigh, without the permission of the Board of Commissioners first had, the defendant procured a license, with the permission of the commissioners, to be issued at the February Term, 1854, of the County Court. He applied to the February Term, 1855, for a renewal of his license, under the permission of the board of commissioners granted in February, 1854. It was held, that the County Court at February Term, 1855, could not grant a license upon the permission of the Board of Commissioners of the city of Raleigh

granted in February, 1854, their authority having expired with their term of office. BATTLE, J., said : "The license which the Court may grant, must be in force for a part, greater or less, of the time during which the members of the board, who gave the permission, are in office."

In this case, the Board of Commissioners of the town of Hendersonville, elected in May, 1883, issued to the defendant a license for one year, beginning the 1st of July, 1883, and ending the 1st of July, 1884.

There is nothing in the cases cited to sustain the position that the board did not have the power to do so On the contrary, they are authority for the position that the board had the power.

There was error. The plaintiff was entitled to judgment upon the facts found. Let this be certified.

Error.　　　　　　　　　　　　　　　　　　Reversed.