No. 1302.

BOARD OF SCHOOL DIRECTORS PARISH OF LAFAYETTE vs. J. N. JUDICE, ET ALS.

Principal cannot urge that he has not taken the oath of office, neither can his sureties; and the law will presume that he did take the oath when he has performed other requirements of the law.

School Directors vs. Judice et als.

Persons signing an official bond admit the capacity of the principal, and cannot afterward deny his capacity.

Persons signing an official bond as sureties waive defects of form. As they bind themselves so shall they be bound. Where no separate book is kept, registry in the mortgage book is sufficient.

Sureties cannot complain of any act of omission or commission, which does not affect their rights as against the principal.

Sureties cannot set up ineligibility of their principal when he has acted in the official capacity mentioned in the bond.

APPEAL from the Twenty-fifth District Court, Parish of Lafayette. DeBaillon, J.

R. C. Smedes and C. D. Caffery, for Plaintiffs and Appellees.

M. E. Girard, for Defendants and Appellants.

The opinion of the Court was delivered by

TODD, J. This is a suit by the plaintiff board against John N. Judice, as treasurer of the school funds of said parish and the sureties on his official bond for $2640, the amount for which the said Judice is charged with being a defaulter.

Judice made no defense and no appearance.

The sureties, besides the general issue in their answer, set up special defenses, as follows:

1st. Said Judice never was Parish Treasurer; that he did not qualify as such in 1885, not having taken the oath required by law.

2d. The document upon which the plaintiffs rely is not a bond legal in form or substance, or in any way binding on defendants, having none of the requirements of such documents to make it binding—that it is not completed.

3d. It is not attested or authenticated by two witnesses and the Recorder—it is not recorded in a separate book kept for that purpose to operate a mortgage upon all the estate of the principal.

4th. It is not accepted by the Parish Board of School Directors and Recorder of the parish, nor has a copy thereof been sent to the Superintendent of Education and State Treasurer.

5th. That the Board failed to adjust his accounts in proper time, (annually at least), and thus through their laches allowed him to become and remain a defaulter.

6th. That a parish treasurer is elected for one year only, and at the end of that or any time, he is ineligible to the same or any other office unless he has duly and regularly obtained a discharge for any amount of public moneys with which he may been entrusted in that or any

57

other capacity. Defendants also specially allege that in August, 1885, Judice was not eligible to any office of honor, profit or trust, as he had not obtained a discharge for the public moneys entrusted to him.

There was judgment against the defendants, and the sureties, Hazard Easton and Louis G. Breaux, have appealed.

There is no dispute as to the amount of Judice's defalcation. It is charged and admitted to be $2641 72.

We will now proceed to consider seriatim the special defenses set forth :

I.

This relates to the defense that the sureties are not bound because Judice never qualified as treasurer by taking the required oath, and whether he took the oath is a disputed fact. It is not necessary to determine it, since it is well settled that the sureties on the bond of an officer acknowledge that he is such officer *de facto*, and are not permitted to deny the capacity of their principal thus recognized. Police Jury vs. Howet, 2 L. 47; Duncan vs. State, 7 Ann. 378; State vs. Blohm, 26 Ann. 538.

The same reasoning and authorities will apply to the contention that the sureties are not bound because Judice was not eligible to the office of treasurer by reason of his having previously filled positions of public trust and been custodian of public moneys, and failing to produce his quietus on account of such previous employments before his appointment as treasurer, in the instance before us. See also State vs. Hayes, 7 Ann. 118; State vs. Securities of Breed, 10 Ann. 492; State vs. Dunn, 11 Ann. 549.

II.

As to the defects in the bond: It is not authenticated by two witnesses and Recorder, and not recorded in separate book, nor accepted by the School Directors, etc.

The requirement for attestation of such bond is merely directory. The omission of such formality, it has been expressly held, will not affect the liability of the sureties thereon. State vs. Wenfred, 12 Ann. 643 ; State vs. Hampton, 14 Ann. 725.

There was no separate book kept for recording such bonds as the witnesses testify. The bond was recorded in the book of mortgages, which was sufficient. Copley & Newman vs. Sheriff, 7 Ann. 595 ; State vs. Hampton, 14 Ann. 725 ; State vs. Bradley, 11 Ann. 643.

The bond was really accepted by the School Board when Judice was permitted to take charge of the school fund. There was an acceptance of it by the President of the Board, acting under instructions.

If, however, there was any omission in this respect, it would not avail the sureties. Expressly ruled in Police Jury vs. Houet, 2 L. 47; Elam, Tutor vs. Barr, 14 Ann. 471; Ib. 725.

The other special defenses appearing in the answer are not insisted on in argument, and we presume are abandoned. We have, however, not omitted to examine them, but we fail to see their force or bearing.

The conclusions reached on the several points of the defense dispense with the consideration of the numerous bills of exceptions.

After a critical review of the whole case, we find no reason to disturb the judgment of the lower court, and it is therefore affirmed with costs.