No. 13,908.

MIDDLETON ET AL. *v.* THE STATE, EX REL. CITY OF ELKHART.

CITY CLERK.—*Bond.—Condition to Account for Moneys.—*Section 3095, R. S. 1881, authorizes the bond of a city clerk to be conditioned for the payment of all moneys received by him according to law and the ordinances of the city.

SAME.—*Conversion.—Sureties.— Validity of Ordinance.—Estoppel to Deny.—*In

Middleton *et al. v.* The State, *ex rel.* City of Elkhart.

an action upon the official bond of a city clerk to recover moneys collected by him pursuant to ordinances of the city, which it is alleged he failed to pay over and converted to his own use, in violation of the condition of his bond, the obligors are estopped to assert that the ordinances under which the clerk received the moneys, and which were in existence when the bond was executed, are void for the reason that under the statutes prescribing the duties of city officers all moneys belonging or due to the city must be paid to its treasurer.

From the Elkhart Circuit Court.

*J. M. Vanfleet* and *H. C. Dodge,* for appellants.

*P. L. Turner, O. T. Chamberlain, J. H. Baker, F. E. Baker* and *J. H. Defrees, Jr.,* for appellee.

COFFEY, J.—William D. Middleton, one of the appellants, was duly elected city clerk for the city of Elkhart, and executed his official bond to the State of Indiana in the penal sum of three thousand dollars, with the other appellants as his sureties. The condition of the bond is, that if the said William D. Middleton shall faithfully perform the duties of the said office, and pay to the person or persons entitled thereto all moneys received by him according to law and the ordinances of said city, then this bond shall be void, otherwise it shall remain in full force and effect.

At the time of the election of said Middleton as city clerk, and at the time of the execution of said bond, there was an ordinance of said city in force which authorized saloon keepers to pay to the city clerk the money due for city licenses authorizing them to retail intoxicating liquors in the city of Elkhart. There was also an ordinance in force requiring peddlers to pay to the city clerk a given sum of money for license to vend goods in said city.

It is averred in the complaint, as a breach of said bond, that said Middleton received the sum of one thousand five hundred dollars of the moneys and property of said city of Elkhart, said moneys having been received by the said William D. Middleton to and for the use of said city by virtue of his office as such clerk, under and pursuant to the

statutes of the State of Indiana, and under and pursuant to the ordinance of said city of Elkhart which had theretofore been duly enacted by the common council of said city, authorizing and empowering said clerk to accept and receive said money for and on behalf of said city of Elkhart; that said William D. Middleton hath made breach of the conditions of said bond in the following particulars, that is to say, that the said William D. Middleton hath at divers times to the plaintiff unknown, between the 24th day of September, 1884, and the 1st day of December, 1885, wrongfully converted all of said moneys, to wit, the sum of fifteen hundred dollars so accepted and received by him for the use of the said city of Elkhart, to his own use and behoof, and he hath failed, neglected, and refused to account for and pay over the said moneys, or any part thereof, so accepted and received by him for the use of said city to the person and persons entitled to receive the same, but so to do hath wholly refused, though thereunto often requested by the person and persons lawfully entitled to receive the same.

A demurrer to this complaint for want of sufficient facts to constitute a cause of action was overruled by the court, and the appellants excepted.

A trial resulted in a judgment against the appellants, and upon appeal to this court they assign as error that the circuit court erred in overruling the demurrer to the complaint.

It is contended on the part of the appellants that all money belonging to, or due to, a city, must be paid to the city treasurer, under the statutes prescribing the duties of city officers, and that the common council of a city has no power to authorize any other person to receive it, and that an ordinance which authorizes the city clerk to receive money due to the city is void. On the other hand, it is contended by the appellee, that as the bond in suit expressly requires the city clerk to account for and pay over all money that may come into his hands by virtue of any city ordinance, and inasmuch as he did receive the money for the recovery of which

this suit is prosecuted, by virtue of the city ordinances of the city of Elkhart, that it ought to be held that he and his bondsmen are estopped from denying the validity of the ordinances under which the money was received.

Section 3095, R. S. 1881, in force at the time of the execution of the bond in suit, provides that the mayor, each member of the common council, city clerk, assessor, civil engineer, street commissioner, marshal, city attorney, and treasurer shall each, before entering upon the duties of his office, take and subscribe an oath * * * * to support the Constitution of the United States, and the Constitution of the State of Indiana, and to faithfully and honestly discharge the duties of his office. * * * And each of said officers, except members of the common council, shall, in like manner, execute a bond with approved security, payable to the State of Indiana, in such penal sum as the common council shall, by resolution or ordinance, order and direct, conditioned for the faithful performance of the duties of his office, and the payment of all moneys received by him according to law and the ordinances of such city : *Provided, however,* that in no case shall the mayor's bond be fixed at a less sum than three thousand dollars, nor shall the treasurer's bond be fixed at a less sum than double the amount of the estimated tax duplicate of the current year.

It will thus be seen that the bond in suit comes within the letter of the statute. It is claimed, however, that the statute should be limited, by construction, to such officers only as may under the statutes of the State collect or receive the money belonging to the city. Conceding this to be true, still we do not think a condition in the bond requiring the city clerk to pay over such money as might come into his hands by virtue of the ordinances of the city would be void.

In the case of *Inhabitants* v. *Forrest,* 1 Pennington (N. J.), 107, a constable executed his official bond containing conditions not required by the statute upon the subject. In answer to the argument of counsel to the effect that such con-

ditions were void, KIRKPATRICK, C. J., said: " 1st. As to the latter of the causes, to.wit, that the condition of the bond is more extensive than the act requires, it does not appear to me to have much weight. It may be considered as a bond merely voluntary, to secure to the township, the *faithful* discharge of this office. And surely there can be nothing in this, contrary to law, to reason, or sound policy. I apprehend, some confusion has arisen from likening this to certain other official bonds, such as bail bonds and others, where the condition is expressly prescribed by law,.and all others declared *to be void.* But that is not the case here. There is no such prohibitory or nullifying clause in the act. It is a voluntary bond for a lawful purpose, for securing the performance of an important and necessary office; and, as such, I think it can not be impugned in the law."

But we do not think we are required to limit the act in question by the construction contended for by the appellants. There is nothing in the language used by which such an intention can be inferred, and we know of no. valid reason why the act should be thus limited. We are not only of the opinion that the bond, as executed, was authorized by the statute, and is valid in all its conditions, but we think the appellants are estopped from denying the validity of the ordinances under which the money is alleged to have been received. *Commonwealth* v. *Wolbert*, 6 Binney, 292; *Postmaster-General* v. *Rice*, Gilpin, 554; *Mayor, etc.*, v. *Harrison*, 30 N. J. 73.

In the case last cited, the common council of the city of Hoboken, without any legal authority, created the office of collector of assessments for street improvements, and appointed Harrison as such collector, who executed his official bond, as such, with the appellants as sureties. He collected a large amount of money as such collector, for which he failed to account, and his sureties sought to defend an action on his bond upon the ground that the act of the common council in creating the office and in appointing Harrison was *ultra vires* and void. The court held that the common coun-

cil had no power to create such an office, but held, also, that Harrison and his sureties were estopped from denying the validity of the ordinance creating the office and requiring him to collect the money. The Chief Justice, in discussing the objection urged against the validity of the ordinance creating the office, and the bond given pursuant to its terms, said : " By the condition of this bond it is recited, that whereas the said William B. Harrison has been duly appointed by the mayor and common council of the city of Hoboken *as collector of assessments for street improvements*, that if he should well and truly pay to the treasurer of said city all money which he might collect or receive as such collector, etc. By this condition, the sureties have admitted 'that his election was by the mayor and common council, and agreed to be sureties for the payment of all moneys which by virtue of the appointment, thus made, he might receive. They are estopped from denying that Harrison was *de facto a collector of assessments* for street improvements. Their liability to pay over what he has collected is *co-extensive* with his. In a suit for moneys collected by him as such, neither the officer *de facto* nor his sureties may set up the invalidity of his appointment in bar of the action. * * * It would seem to be eminently impolitic to permit the parties to such a bond to escape its obligations by contradicting the recitals of the bond, and thus retain from the public authorities the taxes received by an officer *de facto*."

In this case, the ordinances under which the principal received the money now sought to be recovered were in existence at the time the bond in suit was executed. His sureties undertook, voluntarily, that he should account for all moneys collected under such ordinances, and we know of no valid reason why they should not live up to that agreement. By this undertaking they enabled the principal to obtain the possession of the money, and we do not think they should be permitted to say now that he received it without authority.

The demurrer to the complaint is joint, on behalf of the

principal and sureties, so that if it states a good cause of action against the principal the court could do no less than overrule it.   The sureties could make no defence which the principal could not make.   Section 5534, R. S. 1881.   But we think it states a good cause of action against all the defendants, and that the court did not err in overruling a demurrer thereto.

Judgment affirmed.

Filed Sept. 28, 1889.