[No. 1959. Decided January 30, 1896.]

E. C. PRICE, *Respondent*, v. JOHN SCOTT *et al.*, *Respondents*, FRED LEONHARDT *et al.*, *Appellants*.

PRINCIPAL AND SURETY—LIABILITY OF SURETY—ESTOPPEL BY RECITALS IN BOND—AMENDMENT OF ANSWER—ADMISSION OF EVIDENCE.

The sureties upon a bond given by a contractor for the erection of a school building, under the statute requiring such bond, for the protection of those furnishing labor and materials to a contractor employed in making public improvements, are estopped to deny the authority of the school district to make the contract, when the bond executed by such sureties recites as a fact that the principal in the bond had duly entered into a contract with the school district for the erection of said school building.

Refusal of the court to allow defendant to amend his answer upon an application therefor made after the plaintiff's testimony has been introduced, is not an abuse of the court's discretion in such matters.

The improper admission of evidence is not error, unless objection thereto on the proper grounds is raised at the time.

Appeal from Superior Court, Kittitas County.—Hon. CARROLL B. GRAVES, Judge. Affirmed.

*A. Mires, D. H. Carey, J. M. Ashton,* and *Frank H. Rudkin,* for appellants.

*Mitchell Gilliam,* for respondent.

The opinion of the court was delivered by

SCOTT, J.—This is an action upon a bond given by the defendants, under the provisions of the act of January 31, 1888 (Gen. Stat., § 2415), for the protection of those furnishing labor and materials to the defendant Scott in the erection of a school house for school district No. 3 in Kittitas county. Said bond was before the court in *Ihrig v. Scott,* 5 Wash. 584 (32 Pac. 466), and the substance of it is set forth in the opinion in that case. The plaintiff sues to recover for labor and materials furnished said contractor. A number of defenses were interposed, the principal one being that the bond was void in consequence of a want of authority on the part of the officers of the school district to enter into the contract for the erection of the school house. At the conclusion of the plaintiffs case a motion for a non-suit by the defendants was overruled and the court directed the jury to bring in a verdict for the plaintiff, and this appeal is prosecuted from the judgment rendered thereon.

Much of the argument was directed to the proceedings upon the part of the district relating to the letting of the contract and the several elections called to

authorize and ratify the same, the appellants contending that the original election held was void and that the subsequent election did not have the effect of validating the prior action of the board, and that, conceding it did validate the letting of the contract, it could not operate to validate the bond as against the sureties. But, from the view we have taken of the case, we have not found it necessary to enter upon a consideration of these questions, for the bond executed by the defendant sureties recites as a fact that the defendant Scott, the principal in the bond, had duly entered into a contract with said school district to erect said school building, and we think the sureties are concluded by this statement from disputing the validity of the contract. The parties furnishing the labor and materials had a right to rely upon the statements of the bond as to these matters. After having asserted over their own signatures that the contract had been duly entered into, the defendants should not be permitted to deny the execution of such contract in an action brought upon the bond by the parties for whose benefit it was given. Brandt, Suretyship (2d Ed.), § 42; *People v. Huson*, 78 Cal. 154 (20 Pac. 369); *Moore v. Earl*, 91 Cal. 632 (27 Pac. 1087); *People v. Jenkins*, 17 Cal. 500; *Hoboken v. Harrison*, 30 N. J. Law, 73; *Town of Hendersonville v. Price*, 96 N. C. 423 (2 S. E. 155); *Middleton v. State, ex rel., City of Elkhart*, 120 Ind. 166 (22 N. E. 123).

It is further contended that the court erred in not allowing the defendants to file an answer to the third cause of action which it is claimed they had inadvertently neglected to deny. It is apparent, however, that the defense to this would have been the same as that to the others, which were denied, and would not have availed the defendants anything, and, if otherwise, we

cannot say that the court abused its discretion in refusing to permit such an answer to be filed, as application therefor was not made until after the plaintiff's testimony had been introduced.

It is further contended that the court erred in admitting the bond in evidence without proof of its execution, but the record fails to show that it was objected to on that ground when offered.

Affirmed.

HOYT, C. J., and ANDERS and GORDON, JJ., concur.