[No. 4031.    Decided January 4, 1902.]

WASHINGTON MILL COMPANY, *Respondent,* v. G. E. MARKS, *Appellant.*

SUMMONS — SERVICE BY PRIVATE INDIVIDUAL — WAIVER OF TERMS.

Under Bal. Code, § 4874, which confers authority upon a private individual to make service of summons the same as a sheriff or his deputy, an individual who acts in place of the sheriff has no more power than the sheriff to waive or modify the written terms contained in the summons, unless expressly authorized by the plaintiff.

VACATION OF DEFAULT JUDGMENT — COUNTER AFFIDAVITS OF MERITS —
   OBJECTION NOT URGED BELOW.

An objection that the court cannot consider counter affidavits
as to the merits of defense, upon the hearing of motion to vacate
a default judgment, supported by an affidavit of meritorious de-
fense, cannot be raised for the first time on appeal.

Appeal from Superior Court, Spokane County.—Hon.
GEORGE W. BELT, Judge. Affirmed.

*Robertson, Miller & Rosenhaupt,* for appellant.

*Danson & Huneke,* for respondent.

The opinion of the court was delivered by

HADLEY, J.—This action was brought to foreclose a
mechanic's lien. Return of service as to the defendant
G. E. Marks recites that service was made in Spokane
county by delivering to and leaving with Mrs. J. S. Marks,
at the home and usual place of residence of said G. E.
Marks, a true copy of the summons and complaint; that
said Mrs. J. S. Marks was a person of suitable age and
discretion, and a member of the family of said G. E.
Marks, and said G. E. Marks was then absent from and
without the county of Spokane. An order of default was
entered against said G. E. Marks on the 30th day of Jan-
uary, 1901, and decre was thereafter entered thereon. On
February 27, 1901, said G. E. Marks filed a motion to va-
cate the order of default and judgment. Accompany-
ing the motion was the affidavit of G. E. Marks
to the effect that on the 3d day of January, 1901, he went
to the town of Springdale, Stevens county, Washington,
where he was engaged at work, and remained there until
on or about the 10th day of February, 1901; that while
he was absent from the city of Spokane the summons and
complaint in this case were left at the residence of affiant's

father, and with his step-mother, Magnolia Marks, that affiant received no notice that this action had been commenced until the said 10th day of February, 1901, when this affiant returned to the city of Spokane, and a copy of the summons and complaint were delivered to him by his step-mother, she stating to him at the time that said summons and complaint had been left with her by some person whose name to her was unknown, with the request that she keep them until affiant's return. The affidavit of Magnolia Marks was also filed, and recited, in substance, as follows: That she is the step-mother of the defendant G. E. Marks; that on or about the 8th day of January, 1901, a party whose name she did not know called at her residence in the city of Spokane, and handed her some papers, which she did not examine, and was told by the gentleman leaving them with her that they were for her son, G. E. Marks, and further told her to give them to him upon his return; that she supposed from said statement that all that was necessary was to give them to her son upon his return, which she did on or about the 10th day of February, 1901, when he returned from the town of Springdale, Stevens county, Washington, to the city of Spokane; that she did not write her son anything about the papers having been left, and did not inform him until his return that they had been left there for him. Appellant's affidavit also contained matter in relation to the merits, and alleged that he had been advised by his counsel that he had a meritorious defense to the action. Counter affidavits were filed in response to the affidavit of merits, and the court denied the motion to vacate the default and judgment. The defendant G. E. Marks appeals.

It is assigned as error that the court denied appellant's motion and refused to vacate the judgment. It appears

that the service was not made by the sheriff or his deputy, but was made by one Arten, who made affidavit as to the fact of service. It is urged that the statement alleged to have been made by him to Mrs. Marks when he left with her the summons and complaint to the effect that they were for her son, G. E. Marks, and that she should give them to him upon his return, was such as to relieve Marks from being bound by the service until the time of his return. If the service had been made by the sheriff or his deputy, Marks would certainly have been bound by the terms of the notice contained in the summons, unless the sheriff had special authority, aside from his official powers, to waive the terms of the written summons. Any oral statements made by the sheriff in conflict with the terms of the summons would have been of no effect unless he was specially authorized by the plaintiff to make them to the extent that he thereby became the agent of the plaintiff for that purpose. In the absence of special authority, his only official power in the premises would have been to serve the written notice contained in the summons. Section 4874, Bal. Code, confers authority upon the sheriff to make service, and the same section authorizes like service to be made by any person other than the plaintiff who is over twenty-one years of age, and competent to be a witness in the action. No distinction is made between the authority of the sheriff and others who may make service. It would therefore seem to follow logically that an individual other than the sheriff, who makes service of summons, is, like the sheriff, the agent of the plaintiff for that purpose only, unless he is specially authorized to vary the terms of the written summons. The affidavits in support of appellant's motion make no averment that the party who made the service was in any way authorized by

the plaintiff to waive or modify the written terms contained in the summons. The return of service shows that the summons was left during appellant's absence from the county, with a person of suitable age, at the residence of appellant, such person being a member of his family. The statute makes such service sufficient, and in the absence of a showing that the plaintiff authorized a waiver of the terms of the summons, the appellant is bound thereby. The burden is upon appellant to make the necessary showing in support of his application to vacate the default.

It is also assigned as error that the court considered the affidavits filed by respondent in response to appellant's affidavit of merits. Respondent contends that the contents of these affidavits show that no other or different result could have been reached if the judgment had been vacated and the cause regularly tried. Appellant urges that these affidavits were inadmissible, for the reason that the facts set forth in an affidavit of merits cannot be denied by counter affidavits, and that the court will not try the merits of the case on affidavits. There is nothing in the record to show what weight, if any, the court gave to the counter affidavits. They are included in the statement of facts, and are followed by the usual certificate of the trial judge, but nothing further in the record indicates that they were given consideration. For aught that appears, the court may have determined the whole matter upon the sufficiency of the service. In any event, no objection to the consideration of the affidavits appears in the record. There is no motion to strike the affidavits, and the record is entirely silent as to any objection thereto. Respondent avers in its brief that no such objection was in fact made in the court below, and that the objection is made in this court for the first time. It is urged that the appellant

voluntarily submitted the whole matter to the court upon the showing made by himself and by the respondent. This contention being sustained by the record, this court must consider that the court below was not advised of any objection to the consideration of all the issues raised by the affidavits. Having failed to make the objection in the court below, the appellant waived the right to object thereafter. This rule has been frequently announced by this court. *Robinson v. Marino,* 3 Wash. 434 (28 Pac. 752, 28 Am. St. Rep. 50); *Wheeler, Osgood & Co. v. Ralph,* 4 Wash. 617 (30 Pac. 709); *Sears v. Seattle Consolidated St. Ry. Co.,* 6 Wash. 227 (33 Pac. 389, 1081); *Price v. Scott,* 13 Wash. 574 (43 Pac. 634); *Coleman v. Montgomery,* 19 Wash. 610 (53 Pac. 1102).

The judgment is affirmed.

REAVIS, C. J., and FULLERTON, DUNBAR, ANDERS, WHITE and MOUNT, JJ., concur.