PROVOSTY, J.
The plaintiffs, whose domicile is Baltimore, Md., were in the habit of consigning merchandise to an auction concern styled Stern, Kenney & Boze, Limited, doing business in the city of New Orleans. This auction concern was succeeded iri3 business by a new limited corporation, organized for that purpose, composed of the same Kenney and Boze and of one Layman, under the style of Layman, Kenney & Boze, Limited. This succeeding firm took charge of the-goods the outgoing firm had on hand, and assumed all the liabilities. By a special contract, Layman, Kenney, and Boze bound themselves individually to guaranty the punctual payment of all the obligations of the outgoing firm. The old firm turned over to-the new $171 due to the plaintiffs, and a lot of merchandise on hand, to be sold for account of the plaintiffs. The new firm, Layman, Kenney & Boze, Limited, advised plaintiffs of the change in the business, and solicited their continued patronage. Plaintiffs made no objection to the change; on the contrary, they received from the new firm the remittance of the $171, and proposed to send more goods on consignment, and actually did, a few months later, volunteer a shipment, which, by the way, was declined to be received.
Layman, Kenney & Boze, Limited, executed a bond as auctioneer, with Layman as surety thereon, and recorded it; but the State-Auditor refused the firm a license as auctioneer, for the reason that only a voter can be an auctioneer; a firm or corporation cannot; and thereupon Layman himself qualified as auctioneer, and acted as auctioneer for Layman, Kenney & Boze, Limited.
Time passing, and Layman, Kenney & *476 Boze, Limited, not making satisfactory response to letters, plaintiffs sent an agent to New Orleans to see about the matter. This agent took charge of what goods were left unsold, and accepted the 60-day note of Layman, Kenney & Boze, Limited, in settlement of what wás due for goods sold. Shortly afterwards Layman, Kenney & Boze, Limited, passed into the hands of a receiver* Plaintiffs filed an opposition in the receivership proceedings, predicating their demand upon the note given them, as just stated, in settlement; and they received the dividends coming to them on the note.
The present suit is predicated on the assumption which Layman, Kenney, and Boze, both in their corporate and in their individual capacity, made of the liabilities of Stern, Kenney & Boze, Limited. This assumption is alleged to have been a stipulation pour autrui, and plaintiffs, in whose favor, as one <?f the creditors of Stern, Kenney & Boze, Limited, it was made, are alleged to be now accepting it by the present suit. The suit is further predicated on the liability of Layman, Kenney & Boze, Limited, as auctioneer, and on the liability of Layman as surety on the bond executed and recorded as herein-above stated.
The district court gave plaintiffs judgment against Layman, Kenney & Boze, Limited, but otherwise rejected their demand. Layman, Kenney & Boze, Limited, acquiesced in the judgment. Plaintiffs prosecuted an appeal to the Court of Appeal, and there the judgment was affirmed. Then followed an application to this court for the present writ of review.
The sole question is as to the liability of Layman, Kenney, and Boze individually. As to all three this liability is claimed to result from their guaranty of the obligations of Stern, Kenney & Boze, Limited. As to Layman, it is claimed to result also from the suretyship on the auctioneer bond.
What were the obligations of Stern, Kenney & Boze, Limited, to plaintiffs? They were, first, to pay the $171 due them for goods sold; second, to account for the goods unsold. The $171 has been paid. Have the goods been accounted for by Stern, Kenney & Boze, Limited?
As we have seen, Layman, Kenney & Boze, Limited, advised plaintiffs of the goods having been turned over to them, and solicited the continued patronage of plaintiffs, and plaintiffs acquiesced in the arrangement. This conduct of plaintiffs was, in effect, a consent to the transfer of the goods, and was just as if the goods had been actually reshipped by Stern, Kenney & Boze, Limited, to plaintiffs, and thereafter consigned by plaintiffs to Layman, Kenney & Boze, Limited. Stern, Kenney & Boze, Limited, having thus, with the full consent of the owners, transferred the goods to another auction concern, ceased to be further responsible for them, and necessarily the guaranty also ceased, since there cannot be an accessory obligation without a principal.
Remains the question of the responsibility of Layman individually as surety on the auctioneer bond. Layman, Kenney & Boze, Limited, it is said, never became an auctioneer, was never bound as an auctioneer, and, as a consequence, the surety was not bound. The Court of Appeal adopted this view as to the surety, and in so doing went counter, we think, to the jurisprudence of this state. True, only a citizen and voter can be an auctioneer (Rev. St. § 139), and Layman, Kenney & Boze, Limited, never in fact became an auctioneer. But that is not the point. The point is whether, having received' the goods of plaintiffs as auctioneer, said firm and its surety on its auctioneer bond are not estopped from denying the auetioneership of the firm.
In Kuhn v. Abat, 2 Mart. (N. S.) 168, an auctioneer business was conducted by a commercial firm styled Dutillet & Sagory, and goods were delivered to the' firm to be sold. Dutillet alone was an auctioneer. Sagory was merely an associate in the business. Suit was brought against the surety on the bond given by Dutillet as auctioneer, and the defense was that the business was that of the firm, and that the goods had been confided to the firm, and not to Dutillet in his capacity of auctioneer. The court held the surety liable, because the goods had been placed in the hands of the firm to be sold at auction, and that, therefore, their receipt and sale had to be considered to have been the act of the auctioneer.
In Duchamp v. Nicholson, 2 Mart. (N. S.) 672, the suit was for the value of goods sold by McCoy as auctioneer, and unaccounted *478 for. The surety pleaded that there was no proof that McCoy had ever been appointed auctioneer. The court made short shift of this defense. It said, “We think the defendant is estopped from this defense by signing a bond in which he acknowledged that McCoy was so appointed.”
In State v. Blohm, 26 La. Ann. 538, which was a suit by the state for duties upon auction sales, the defense of the surety was that his principal had not taken the oath nor obtained the license required by law to qualify a person to act as auctioneer. The court said: “This is a defense which the surety should hardly be heard to make as to his principal.”
In Church Wardens v. Bonneval, 13 La. Ann. 321, a suit for an accounting for goods sold by Bonneval as auctioneer, the surety pleaded that his principal had not been licensed to act as auctioneer. The court considered that the obtaining of a license, while required by the statute, was not made a condition precedent to acting as an auctioneer. This, however, was not the sole ground of the decision. The court also put the decision on the ground of estoppel as follows: “By their own act the appellants have given the standing and' credit of a legally qualified auctioneer to Mr. Bonneval at the time when he sold the plaintiff’s property and collected the proceeds, and their obligation as sureties commenced with the recording of the bond in the mortgage office.”
In School Directors v. Judice, 39 La. Ann. 896, 2 South. 792, the court said: “It is well settled that sureties on the bond of an officer acknowledge that he is an officer, de facto, and are not permitted to deny the capacity (or eligibility) of their principal;” citing Police Jury v. Haw, 2 La. 47, 22 Am. Dec. 294; Duncan v. State, 7 La. Ann. 378; State v. Blohm, 26 La. Ann. 538; State v. Hayes, 7 La. Ann. 118; State v. Securities of Breed, 10 La. Ann. 492; and State v. Dunn, 11 La. Ann. 549. See, also, State v. Tax Collector, 40 La. Ann. 234, 4 South. 46, 8 Am. St. Rep. 522; St. Helena v. Burton, 35 La. Ann. 521; Board v. Brown, 33 La. Ann. 383; Mayor v. Merritt, 27 La. Ann. 568; Duncan v. State, 7 La. Ann. 377; and Mayor v. Blache, 6 La. 500.
Layman, I-Cenney .& Boze, Limited, announced itself to the world, and specially to plaintiffs, as an auction company proposing to do an auction business and soliciting business. It executed and recorded a bond for the faithful accounting for the price of all goods received in said business. It received plaintiffs’ goods in the course of said business and as auctioneer. Under these circumstances, the surety on the bond is, we think, clearly estopped from denying the auctioneership.
The principle that the surety is estopped from denying the recitals of his bond is universally recognized.
In the case of Bruce v. United States, 17 How. 437, 15 L. Ed. 129, the surety was held to be estopped from denying that his principal had been appointed to the office for the faithful discharge of the duties of which the bond had been given. See, to the same effect, Wendell v. Fleming, 8 Gray (Mass.) 613.
As to illegality of appointment, see Taylor v. State, 51 Miss. 79.
In Brockway v. Petted, 79 Mich. 620, 45 N. W. 61, 7 L. R. A. 740, held, that surety was estopped from denying that principal was carrying on liquor business as recited in the bond.
In Hendersonville v. Price, 96 N. C. 423, 2 S. E. 155, held, that surety on a bond for payment of license is estopped from denying that the town authorities had power to take such a bond.
In Coleman v. Bean, 1 Abb. Dec. (N. Y.) 394, held that, where bond purports to have been given in discharge of an attachment, surety estopped from urging that the attachment never issued. (N. B. This case, however, is not in harmony with the line of decisions in this state, where a distinction has been made in the case of judicial bonds, holding that the law under which they are given is read into them, and that, unless valid under such law, they have no validity at all, are virtually not bonds, and the sureties on them are not held. Alexander v. Silbernagel, 27 La. Ann. 557; Le Blanc v. Succession of Massieu, Id. 324; King v. Baker, 7 La. Ann. 570; Benham v. Collins, 23 La. Ann. 222; Sears v. Bearsh, 7 La. Ann. 539.)
“Sureties on the bonds of administrators, guardians, committees, agents, officers, etc., are estopped from denying the due appoint *480 ment of their principals.” Am. & Eng. Ency. vol. 24 (1st Ed.) p. 747, verbo “Sureties.”
It is therefore qrdered, adjudged, and decreed that the judgment of the Court of Appeal be set aside, and it is now ordered, adjudged, and decreed that plaintiffs have judgment against Layman, Kenney & Boze, Limited, as principal, and Leopold M. Layman as surety, in the sum of $434.43, with legal interest thereon from the 31st day of October, 1898, and costs of suit.