People v. Jenkins.

## THE PEOPLE v. JENKINS et als.

In suit upon the official bond of a County Assessor, who had received a certificate of election, given bond and entered upon his duties, neither the principal nor the sureties can deny the official character of the Assessor. They are estopped by the bond.

The statute makes official bonds joint and several, and the administrator of a deceased officer need not be joined in suit against the sureties on such bonds.

The mere passiveness of a Board of Supervisors in not bringing a defaulting County Assessor to settlement, does not discharge him or his sureties.

APPEAL from the Fifteenth District.

Suit against the sureties upon the official bond of one Brown as Assessor of Butte county. Brown was elected Assessor at the general election on the first day of September, 1858, received in the same month from the Board of Supervisors a certificate of election for one year from the first Monday in October, and on the second of October filed his bond, which was joint and not several, duly approved by the County Judge. From that time to October 19th, 1858, he received from the proper officer three hundred and ninety poll tax receipts, at four dollars each, and is charged to have collected the same and refused to pay over. This suit is for that sum less fifteen per cent. commissions. Brown died in January, 1860, and no administrator has been appointed.

Defendants demurred to the complaint on the ground: 1st, that Brown was never the legal Assessor of the county; 2d, that no proper demand was made for the sum collected by him; 3d, that an administrator on the estate should have been appointed and joined as defendant, and the demand presented to him; 4th, that the complaint is insufficient to maintain the action. Overruled, and answer filed admitting the execution of the bond, and then setting up in substance, that they executed the bond from a misapprehension of the law and facts of the case; that the election of Brown as Assessor in the fall of 1858 was null and void, there being no vacancy; that the Board of Supervisors of the county, by issuing notice of an election, by declaring Brown duly elected and giving him a certificate to that effect, deceived defendants, and thus induced them to sign the bond; that Brown having no authority to

collect the money sued for, was liable to refund it to the parties of whom collected and not to plaintiff, and that for this reason he refused to pay over; that plaintiff had full knowledge of Brown's alleged defalcation as early as November, 1858, and that he then had an abundance of property to pay all demands, and further, that he was then and at all times ready to pay over whenever the Board of Supervisors would settle with him and allow an equitable compensation for his services; that these defendants in 1858, and at other times before the death of Brown, urged the Board to make such settlement, or collect the money of him by suit, but that they failed to take any steps in the matter; that such suit would have resulted successfully, and had defendants been compelled to pay the whole or any portion of the demand, they could have recovered it of Brown during his life; and that in consequence of the carelessness, gross negligence and delay of plaintiff in proceeding against Brown, defendants would be greatly injured if they are now compelled to pay—Brown's estate being without any assets or property whatever.

Plaintiff moved for judgment notwithstanding the answer, on the ground that it contained no legal defense. Judgment for plaintiff and $1,443.40, with interest from date. Whether the judgment was on the motion or not does not clearly appear—the judgment reciting that the cause having been submitted, etc., " the Court now files its findings of fact and conclusions of law, and orders that judgment be entered in accordance therewith ; " but no findings are in the record. Defendants appeal.

*Jos. E. N. Lewis,* for Appellants.

1. Brown's election was absolutely void, and his sureties were not liable. The Board of Supervisors ordered the election and issued a certificate of election to Brown, in consequence of which the defendants executed the bond. The Board, as the agents of the State and the county, by their acts and representations in ordering an election when the office was not vacant, and by issuing a certificate of election to Brown when he had not been elected, falsified material facts. This case does not stand as suggested by the Court, on the same principle that the sureties on an adminis-

trator's bond, whose appointment is void. In the case of the administrator, the persons interested in the estate could not be said to have had anything to do in the appointment of the administrator. The appointing power is independent of them, and is not as to such parties their agent, and therefore none of its acts could be said to have been done by their authority. In this case of Brown, the parties in interest are the State and county ; their agent is the Board of Supervisors, who in assuming to act for them, acted without authority. The legal intendment of the bond is to hold the sureties liable to make good the default of the principal in discharging his official duties ; and as none were imposed by his pretended election and qualification, there could be no breach of official duty. The payor or obligor is not bound to perform the obligations of his contract when he has been induced to make that contract by reason of the false or fraudulent representations of the payee, or obligor, or their agent, as to any material fact that superinduced the party to make the contract.

By Brown's refusing or omitting to pay the money over, the State has lost no property or money. The money did not belong to the State or the county, because it was illegally collected by a person having no authority to collect it ; and it was not competent for the State or the Board of Supervisors, under existing law, to ratify the illegal acts of Brown.

2. Brown's election being absolutely void, he was no officer in contemplation of law, and his acts, one and all, were void. Hence, the money collected by him was illegally collected, and he would be liable to the parties from whom he collected it ; certainly, until he had actually paid the money over to the Treasurer. A person assuming to act as an officer, can only justify his acts or the retention of property when he has a legal commission so to do. (*Greene* v. *Burke*, 23 Wend. 488–504.) This liability defendants plead, as a bar to a recovery against them, the same as the Constable and his sureties, under the principle of the case of *Greene* v. *Burke*, could have done had they been sued by the attaching creditor for releasing property, and could have held the money made on execution, to protect himself against any action that defendant might have instituted against him.

3. The bond in this case is joint, and not joint and several. The Board of Supervisors committed a gross fraud in not settling with Brown during his lifetime; and the loss being occasioned by the gross negligence of the Board, ought to fall upon the State and county, and not upon the sureties. (*People* v. *Jansen et al.*, 7 J. R. 331; *People* v. *Berner et al.*, 13 Id. 333; *Hunt* v. *United States*, 1 Gallison, 34, 35.)

*Thos. H. Williams, Attorney General,* for Respondent.

Usually, it is not necessary to make demand for the performance of a duty when that duty is enjoined by statute. (1 Vt. 232, cited 1 W. S. Dig. 438, sec. 128.)

2. The administrator of Brown was not a necessary party with the sureties upon the bond.

3. Brown having assumed to act as Assessor, cannot now deny the legality of his appointment or qualification; neither can his sureties do so, because they are concluded by the recitals in their bond and their acquiescence in the acts of their principal. (*Barader* v. *Carondolet,* 8 Mo. 644; *Ford* v. *Clough,* 8 Greene, 334, cited in 3 W. S. Dig. 498 and 136; *Placer County* v. *Astin,* 8 Cal. 303.)

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. concurring.

1. The principal obligor and his sureties are in no condition to question the regularity of the election of the principal, or his responsibility for acts done in an official capacity. The principal had at least the color of office by his appointment, and the bond estops him and his sureties signing it from denying his official character.

2. The point that an administrator on Brown's estate should have been appointed and joined as defendant, is answered by the statute which makes official bonds joint and several.

3. The mere passiveness of the Board of Supervisors, in not bringing Brown (the principal) to a settlement, does not discharge him or his sureties.

Judgment affirmed.