[No. 3,565.]

# PLACER COUNTY *v.* J. W. DICKERSON ET AL.

LIMITATION OF ACTION ON OFFICIAL BOND.—An action upon an official bond is not an action "upon a liability created by statute" mentioned in the third subdivision of the seventeenth section of the Statute of Limitations, and is not therefore barred by such statute after the expiration of three years.

LIABILITY OF SURETIES ON OFFICIAL BOND.— The sureties of a County Treasurer are liable for public money received by him as Treasurer after the expiration of his term, so long as he remains in possession of the office, and until he delivers it over to his successor.

RECEIPTS OF PRINCIPAL ON OFFICIAL BOND.— The receipts of a County Treasurer given to a Tax Collector for public money, after the expiration of his term, but before he has delivered possession of the office to his successor, are prima facie evidence to charge the sureties on his official bond.

APPEAL from the District Court of the Fourteenth Judicial District, County of Placer.

This was an action commenced February 9th, 1872, against Dickerson, former Treasurer of Placer County, as principal, and the other defendants as sureties on his official bond. The complaint averred that the conditions of the bond had been broken by the failure of Dickerson to pay over to his successor public money which he had received as Treasurer. The plaintiff recovered judgment in the Court below and the sureties appealed.

The other facts are stated in the opinion.

*Fellows & Norton*, for Appellants.

The cause of action is barred by the Statute of Limitations—more than three years having expired since the cause of action accrued.

The bond upon which suit is brought is given to the State of California, and, independent of statute, the State alone could maintain an action upon it. The plaintiff in this case is not a party to the bond, and for a recovery must rely upon something not embraced in its provisions.

The Act concerning official bonds of officers, passed February 28th, 1850, provides that any person injured or aggrieved by the wrongful act or default of any officer executing a bond in pursuance of its provisions, may bring suit in his own name, without any assignment. The liability of the sureties of Dickerson to plaintiff, therefore, depends upon this statute. The terms of the bond do not render them responsible.

We submit, then, that this is an action upon a liability created by statute, and is, therefore, barred, not having been commenced within three years after the cause of action is alleged to have accrued. (Vide Hittell, 635.)

*Hale & Craig*, for Respondents.

By the COURT:

Two points are made in argument by the appellants:

1. It is claimed that the action is barred by the Statute of Limitations. The action is brought upon the official bond of the defendant Dickerson, who was from the first Monday of March, 1866, to the first Monday (the second day) of March, 1868, County Treasurer of Placer County. It is said that this action is " upon a liability created by statute," and is, therefore, within the bar of the third subdivision of the seventeenth section of the Statute of· Limitations. (Hit. Gen. Laws, Sec. 4359.) But this position cannot be maintained. The action is founded upon the official bond of Dickerson as Treasurer of Placer County, signed by the defendants and running to the people of the State of California as the obligee therein, and the County of Placer had a right to maintain an action for any breach of its condition, by which an injury had been sustained by the county.

2. The next point arises upon the following facts: Dickerson was, on March 2d, 1868—when his successor, Hollenbeck, demanded of him the office and public moneys—a defaulter in the sum of seven thousand and thirteen dollars and sixty-three cents. His term of office expired on that day—the first Monday of March, 1868—but he delayed compliance with the demands of Hollenbeck until the next day, in order, as he said, to enable certain collectors to pay to him the taxes—some seven thousand three hundred and twenty-six dollars—which they ought to have paid on the preceding Saturday, he claiming to retain a percentage thereon when payment should be made. He accordingly retained the possession of the office and the custody of the public funds until the next day—March third—and on that day, having in the meantime received the anticipated payment of taxes, he turned over the office and all the moneys then in his custody to his successor. The gross amount thus turned

over was upwards of thirty thousand dollars, and if applied solely to his official account, as it stood on the 2d day of March, 1868, would exceed the sum of public moneys then chargeable to him.   In order to show that the amount thus paid over included the seven thousand three hundred and twenty-six dollars received by him from Tax Collectors on March third, the county offered the receipts of Dickerson, given to those officers on March 3d, 1868, signed by him as County Treasurer.   This was objected to by the defendants on the ground that Dickerson's term of office had expired on the preceding day, but the objection was overruled, and, we think, correctly.   Dickerson was at that time still acting in his official capacity, and was *de facto*, at least, the County Treasurer of Placer County.   Whether he was rightfully so or not is not material.   The defendants were still held for his breaches of official duty, and could not be permitted to claim in their defense that *de jure* the office belonged to Hollenbeck, who had not then entered upon the discharge of his duties.   The responsibility of the defendants for the official acts of Dickerson, under the circumstances, was the same as though the latter had, after the expiration of his term, continued in office, pending proceedings by quo warranto to oust him from it; and in that case their liability would be unquestionable.   In this view the liability of the defendants extended to the whole account of Dickerson, and it was of no consequence to them to what part of the account the moneys received on March third should be applied, and his receipts on that day, given in his official capacity, for public moneys, were prima facie evidence to charge them.

Judgment affirmed.