[No. 7207. Department One. — January 25, 1889.]

THE PEOPLE, APPELLANT, v. THOMAS R. HUSON ET AL., RESPONDENTS.

OFFICIAL BOND — WHARFINGER — RECITAL OF APPOINTMENT — ESTOPPEL OF SURETIES. — The sureties on the official bond of a wharfinger, which recites his appointment by the state harbor commissioners, are estopped to deny the fact of such appointment.

ID. — APPROVAL OF BOND — EVIDENCE. — The testimony of the secretary of the harbor commissioners that the bond of a wharfinger was approved, and that the minutes showed that fact, establishes the approval of the bond.

ID. — FAILURE TO APPROVE BOND. — The failure of the proper officers to approve an official bond will not invalidate it, nor release the sureties from their liability upon it.

ID. — SUGGESTION OF DEFECT. — Under section 963 of the Political Code, if a copy of the bond be attached to and made part of the complaint, it is a sufficient suggestion of any defect in the bond, or in the approval or filing thereof.

ID. — FILING OF BOND. — When the pleadings admit delivery of an official bond, and there was at least an informal approval of it by the proper officers, it must be held that it was accepted by them, and became obligatory on its makers, without an indorsement of filing.

ID. — BREACH OF WHARFINGER'S BOND. — The collection by a wharfinger of public money arising from dockage, wharfage, etc., and his neglect to pay them over to the board of harbor commissioners, is a clear violation of duty, and a breach of the obligation of his bond.

ID. — EVIDENCE — RECEIPTS OF OFFICE. — Receipts signed by an officer showing his collection of public moneys are admissible as *prima facie* evidence to charge the sureties on his official bond.

APPEAL from an order of the Superior Court of the city and county of San Francisco denying a new trial.

The facts are stated in the opinion.

*T. C. Coogan, W. W. Morrow,* and *J. B. Lamar,* for Appellant.

*W. M. Pierson,* for Respondents.

BELCHER, C. C.— This is an action to recover the sum of $1,045.10, money alleged to have been received in an official capacity and misappropriated by defendant Huson, and is based upon what is called his official bond. ·

It is alleged in the complaint that Huson was appointed to the position of wharfinger by the board of state harbor commissioners on the thirtieth day of August, 1877, and that he entered upon the duties of his office on the first day of September, 1877, and continued in the office until the thirtieth day of December following; that the duties of a wharfinger were to collect and receive the revenue arising from dockage, wharfage, cranage, rents, and tolls on the wharves in the city and county of San Francisco, and that while Huson held and exercised the functions of his said office he collected in his official capacity a large amount of public money received from dockage, wharfage, etc., which he did not pay over, and, on demand, has neglected and refused to pay over to the board of state harbor commissioners.

It is further alleged "that, previous to entering upon the duties of his said office, the said defendant Thomas R. Huson took the oath of office required by law, and, together with the said defendants T. McCarthy and E. J. Lewis, executed and delivered to plaintiffs an official bond, a copy of which is hereto attached, marked 'Exhibit A,' and, together with all its indorsements, is made a part of this complaint; that said bond was, on the said thirtieth day of August, 1877, duly approved by the board of state harbor commissioners."

The bond referred to was dated August 30, 1877, and the condition expressed in it reads as follows: "The condition of the foregoing obligation is such that, whereas, the above-bonded Thomas R. Huson has been appointed wharfinger by and for the board of state harbor commissioners of said state, now, therefore, if the said Huson shall well, truly, and faithfully perform all official duties now required of him by law, and all such additional duties as may be imposed upon him by any law enacted subsequently to the execution of this bond, and shall pay the said board of state harbor commissioners all moneys collected by him by virtue and

authority of said appointment, then this obligation to be void; otherwise, to remain in full force and effect." It was indorsed, " Approved: William Blanding, Bruce B. Lee, A. M. Burns."

Only the defendants McCarthy and Lewis answered to the complaint. They denied, among other things, " that the defendant Huson was, on the thirtieth day of August, 1877, duly, or legally, or at all, appointed a wharfinger by the board of state harbor commissioners, or was appointed a wharfinger until the thirty-first day of August, 1877." And they further denied that his bond was ever approved or accepted by the board.

When the case was called for trial, " it was admitted by both parties that the bond, which is designated as 'Exhibit A,' and is a part of the complaint in this action, was duly executed, and that all the signatures and indorsements of the bond are genuine, and are what they purport to be." The trial was by the court, without a jury, and judgment was given for defendants. No findings were filed, and it does not appear upon what grounds the decision was rendered. The plaintiff moved for a new trial, and the motion being denied, appealed from the order.

Since the appeal was taken, respondent Lewis has died, and as to him the appeal has been dismissed.

In support of the judgment it is urged, on the part of respondent McCarthy, that there was no evidence in the court below that Huson was ever appointed wharfinger. The answer to this position is, that the complaint alleged his appointment, and the answer denied only that he was appointed on the day named, and admitted that he was appointed on the next day. The complaint also alleged the execution and delivery of the bond, and this was not denied. The bond recited the appointment, and was admitted at the trial to have been duly executed. The sureties were therefore estopped from denying the appointment, and no proof of that fact

was necessary. " The general rule is, that sureties
are estopped to deny the facts recited in the obligations
signed by them, and this whether the recitals are true or
false in fact.  Having once solemnly alleged the exist-
ence of the facts, they cannot afterward be heard to
deny it." (Brandt on Suretyship and Guaranty, sec. 29;
and see *People* v. *Jenkins,* 17 Cal. 500.)

It is further urged that the bond was never approved
by the board, and this is rested upon the fact that it does
not appear that the persons whose names are written
under the word " approved " on the back of the bond
constituted the board of harbor commissioners, nor, if
they did, that they approved it as such.  There are two
answers to this objection: 1. The secretary of the
board testified that the bond was approved, and that
the minutes of the board showed that fact; 2. The
settled rule is, that the failure of the proper officers to
approve an official bond will not invalidate it, nor
release the sureties from their liability upon it. (Pol.
Code, sec. 963; *People* v. *Edwards,* 9 Cal. 286; *People*
v. *Evans,* 29 Cal. 430; *Mendocino County* v. *Morris,*
32 Cal. 145.)  And under the section of the code above
cited, if a copy of the bond be attached to and made a
part of the complaint, it is a sufficient suggestion of any
defect in the bond or in the approval or filing thereof.
(*Hubert* v. *Mendheim,* 64 Cal. 213.)

It is also claimed that there was no evidence of the
filing of the bond, and hence no proof of its delivery
to and acceptance by the board.  But, as we have seen,
the pleadings admitted its delivery, and there was, at
least, an informal approval of it.  Under these circum-
stances, we think it must be held that the bond was
accepted by the board, and became obligatory on its
makers, even without an indorsement of filing.

There was uncontradicted evidence that Huson, while
acting as wharfinger, collected public moneys, and ne-
glected to pay them over to the board.  This was a

clear violation of duty, and a breach of the obligation of his bond. There were also certain receipts offered in evidence, which were signed by Huson, and showed the collection by him of public moneys. They were objected to on the ground that they were only hearsay evidence, and were excluded by the court. In our opinion, they were *prima facie* evidence to charge the sureties on the bond, and were admissible. (*Placer County* v. *Dickerson,* 45 Cal. 12.)

Looking at the whole record, we think the court erred in denying the plaintiff's motion for a new trial, and we therefore advise that the order be reversed, and the cause remanded.

HAYNE, C., and FOOTE, C., concurred.

The COURT.— For the reasons given in the foregoing opinion, the order denying plaintiff's motion for a new trial is reversed, and cause remanded.