[No. 14106. Department Two. — November 11, 1891.]

F. J. MOORE, RESPONDENT, v. D. W. EARL ET AL.,
APPELLANTS.

PROBATE OF WILL — CITATION TO RESIDENT HEIRS — RECITALS IN ORDER
— PRESUMPTION — JURISDICTION. — Recitals in an order admitting a will
to probate and appointing an executor, that due proof was made to the
satisfaction of the court "that notice has been given of the time appointed
for proving said will and for hearing said petition, and that citations
have been duly issued and served, as required by the previous order of
this court, and it appearing to this court that notice has been given ac-
cording to law to all parties interested," etc., are sufficient, in the ab-
sence of any other record evidence of an order that a citation issue to the
heirs residing in the county, as required by section 14 of the Probate Act
of 1851, or of the issuance and service of such citation, and in the ab-
sence of any evidence that the order and citations were insufficient, to
warrant the presumption that such order had been regularly made, and
that the citations had been duly issued and served, and that the pro-
bate court acquired jurisdiction to probate the will and to issue letters
testamentary to the executor.
BOND OF EXECUTOR — RECITAL — ORDER APPOINTING EXECUTOR — ESTOP-
PEL OF SURETIES. — Where the bond of an executor recites that by
an order of the probate court duly made and entered, the executor was
appointed as such, the sureties upon the bond are estopped from deny-
ing that the order appointing the executor was duly made and entered.

APPEAL from a judgment of the Superior Court of
Sacramento County, and from an order denying a new
trial.

The facts are stated in the opinion.

*Johnson, Johnson & Johnson,* for Appellants.

The probate proceedings are open to attack for any
defect of jurisdiction. (*Irwin* v. *Backus,* 25 Cal. 214; 85
Am. Dec. 125; *McClellan* v. *Downey,* 63 Cal. 520; Free-
man on Judgments, 3d ed., sec. 117; 1 Black on Judg-
ments, secs. 215, 278; *Wood* v. *Myrick,* 16 Minn. 49, 50;
Code Civ. Proc., secs. 1916, 1917.) The proceeding of
probate courts must show affirmatively the facts neces-
sary to confer jurisdiction. (*Prior* v. *Downey,* 50 Cal.
388; 19 Am. Rep. 656.) The service of the citation and
notice is jurisdictional. (Welk on Jurisdiction of Courts,
sec. 97; *Helms* v. *Chadbourne,* 45 Wis. 60; *Randolph* v.

*Bayue,* 44 Cal. 370.) If the notice is not given as required by the statute, the proceedings are void. (*Townsend* v. *Tallant,* 33 Cal. 45; 91 Am. Dec. 617; *Whitlow* v. *Echols,* 78 Ala. 206; *Proctor* v. *Newhall,* 17 Mass. 81, 91; *Mohr* v. *Tulip,* 40 Wis. 66, 76; *Good* v. *Norley,* 28 Iowa, 188; *Clark* v. *Thompson,* 47 Ill. 25; 95 Am. Dec. 457; *Genobles* v. *West,* 23 S. C. 155; *Young* v. *Young,* 91 N. C. 359; *Roy* v. *Rowe,* 90 Ind. 54; *Ingersoll* v. *Mangam,* 84 N. Y. 622; *Sprague* v. *Haines,* 68 Tex. 215; *Ins. Co.* v. *Bangs,* 103 U. S. 435; *King* v. *Lastropes,* 13 La. Ann. 582; *Torrance* v. *McDougald,* 12 Ga. 526.) The plaintiff cannot avail himself of a decree rendered in his favor when the court had no jurisdiction over him. (Freeman on Judgments, sec. 136.)

*George A. Blanchard,* and *Catlin & Blanchard,* for Respondent.

Upon collateral attack it will be conclusively presumed that the probate court had jurisdiction to make the order, especially when the order recites that notice had been given. (*Irwin* v. *Scriber,* 18 Cal. 500; *Brodribb* v. *Tibbits,* 63 Cal. 80; *Estate of Sbarboro,* 70 Cal. 147; *McClellan* v. *Downey,* 63 Cal. 520; *Randolph* v. *Bayue,* 44 Cal. 367.) In this case the record recites service of notice, and there is no stipulation or proof contrary to the record. The decree of settlement of the final account of the executor, and the decree of distribution, are conclusive upon the executor and his sureties, and upon failure of the executor to pay the amount found due, the sureties cannot go behind the decree to inquire into the merits of the matter therein passed on. (*Irwin* v. *Backus,* 25 Cal. 214; 85 Am. Dec. 125; *Fox* v. *Minor,* 32 Cal. 120; *Stoval* v. *Banks,* 10 Wall. 583; *State* v. *Holt,* 27 Mo. 340; 72 Am. Dec. 273; *Lucas* v. *Curry's Ex'r,* 2 Bail. 403; *Hobbs* v. *Middleton,* 1 J. J. Marsh. 176; *Casoni* v. *Jerome,* 58 N. Y. 315; *Hayes* v. *Seaver,* 7 Greenl. 237; *Tobelman* v. *Hildebrandt,* 72 Cal. 313; Code Civ. Proc., secs. 1637, 1908; Freeman on Judgments, sec. 180.) Even though the letters of administration should be regarded void as af-

fecting the estate, they should be upheld as affecting the accountability of persons acting under them. (*Foster* v. *Commonwealth*, 35 Pa. St. 148; *Shalter* v. *Ebling's Appeal*, 43 Pa. St. 83; 82 Am. Dec. 552; *Williams* v. *Kiernan*, 25 Hun, 355; *Morse* v. *Hodson*, 5 Mass. 314; *People* v. *Falconer*, 2 Sand. 83.)

VANCLIEF, C.—This is an action upon the bond of an executor for the faithful execution of his trust according to law. The plaintiff recovered judgment, and the defendant Earl, who is a surety on the bond, appeals from the judgment, and also from an order denying his motion for a new trial.

The defendant Hathaway was appointed executor in May, 1868, and upon the execution of the bond in suit, letters testamentary were issued to him, upon which he indorsed his official oath as required by law, and thereupon took possession of the estate of the testator, of the value of $16,637, and returned and filed an inventory thereof on May 11, 1868. Upon a final settlement of his accounts, in September, 1889, the court found in his hands a balance of $12,577. This balance, by the decree of distribution, was given to the plaintiff, who brought this suit on the executor's bond to recover the full penalty thereof, which is only six thousand dollars.

The only point made for the appellant is, that the probate court acquired no jurisdiction to probate the will or to issue letters testamentary, and therefore that, as to the surety, the executor's bond is void.

The only alleged defect in the proceedings by reason of which it is claimed that the probate court failed to acquire jurisdiction is, that no order of that court directing the issuance of a citation to the heirs residing in the county, as required by section 14 of the Probate Act of 1851, is found upon the records or files of the court, except so far as it appears by recital in the order admitting the will to probate.

Section 14 of the Act of 1851 provides: "If the heirs of the testator reside in the county, the court shall also

direct citations to be issued and served upon them to appear and contest the probate of the will at the time appointed."

The order admitting the will to probate, and appointing Hathaway executor, recites, among other things, that due proof was made to the satisfaction of the court, "that notice has been given of the time appointed for proving said will and for hearing said petition, and that *citations have been duly issued and served, as required by the previous order of this court,* and it appearing to this court that notice has been given according to law to all parties interested," etc.

In the absence of any other record evidence of an order that a citation issue to the heirs residing in the county, or of its service, I think these recitals sufficient to warrant the presumption that such order had been regularly made, and that the citations had been duly issued and served. It might be otherwise if it appeared of record that an insufficient order relating to the citation had been made, or that the citation issued was not in substantial compliance with the order, or that the mode of service was fatally defective, as in such case it would not be presumed that a different order had been made, or a different citation issued, or that service had been made in a different mode; but the record does not show, or purport to show, the form or substance of the order or of the citation, nor the mode of service; and therefore the presumption that the order to issue and serve the citation was regularly made, and that the citation was regularly issued and served, does not contradict the record in any respect, but is in perfect accord with the recitals of the order admitting the will to probate. (Freeman on Judgments, secs. 125, 180; Black on Judgments, sec. 277; *Irwin* v. *Backus,* 25 Cal. 214; 85 Am. Dec. 125; *Fox* v. *Minor,* 32 Cal. 120.)

Again, the bond in suit recites that "by order of the probate court of the county of Sacramento, duly made and entered on the eleventh day of May, A. D. 1868, the above bounden Charles W. Hathaway was appointed

executor of the estate of Ferris Jewett Moore, deceased, upon executing a bond," etc.

Under the circumstances of this case, both Hathaway, the principal, and Earl, the surety, are estopped by this recital in the bond from denying that the order appointing Hathaway executor was " duly made and entered." (*People* v. *Jenkins*, 17 Cal. 500; *Fox* v. *Minor*, 32 Cal. 120; Bigelow on Estoppel, 361, and cases cited; Brant on Suretyship, secs. 29, 30; *People* v. *Falconer*, 2 Sand. 83; *McClure* v. *Commonwealth*, 80 Pa. St. 167; *Foster* v. *Commonwealth*, 35 Pa. St. 148.)

I think the judgment and order should be affirmed.

BELCHER, C., and FITZGERALD, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Hearing in Bank denied.