[Civ. No. 1389.   Third Appellate District.—October 21, 1915.]

LIVE OAK LUMBER COMPANY (a Corporation), Respondent, v. WILLIAM F. FARR et al., Appellants.

PUBLIC WORK—ACTION AGAINST SURETIES ON BOND—PLEADING—VALIDITY OF CONTRACT—UNNECESSARY AVERMENT.—In an action brought under the provisions of the so-called Bond Act, approved March 27, 1897 (Stats. 1897, p. 201), as amended in 1911 (Stats. 1911, p. 1422), to recover for material furnished for the construction of a sewer system for a municipal corporation, it is not necessary that it should appear in the complaint by specific averment that the city was authorized to order the work done, where the contract of suretyship upon which the action was brought expressly recites the execution of the contract for the performance of the work.

ID.—EXECUTION OF CONTRACT—RECITAL IN BOND—ESTOPPEL OF SURETIES.—Where a bond to secure the payment of the claims of mate-

rialmen, mechanics, and laborers, employed by contractors upon public work, recites the execution of the contract for the doing of the work, and upon the strength of such recital, materialmen and laborers are induced to furnish material and perform labor thereon, the sureties are estopped from saying that the contract was invalid.

ID.—TIME FOR FILING CLAIMS—CONSTRUCTION OF ACT.—The provision of the Bond Act of March 27, 1897, as amended in 1911, that claims must be filed for materials furnished and for labor performed with the body by whom the contract for the work was awarded "within ninety days from the time such contract is completed," simply sets a limit of time after which such claims cannot be filed, but does not forbid the filing of claims before the completion of the whole work, in the event that the claimant's demand is past due.

ID.—ACTION AGAINST SURETIES—FILING OF BOND BEFORE COMMENCEMENT OF WORK—PLEADING—OMITTED AVERMENT SUFFICIENTLY SUPPLIED.—In an action against the sureties on the contractor's bond, the absence of an allegation or finding that the bond was filed before the work was commenced by the contractor, is supplied by an allegation and finding that the bond was executed and approved one day after the execution of the contract, and that the material was furnished and used subsequently to the execution of said instruments.

ID.—DEMAND UPON SURETIES—PLEADING.—In such an action it is not necessary to allege or find that a demand was made on the sureties for payment.

APPEAL from a judgment of the Superior Court of Butte County. H. D. Gregory, Judge.

The facts are stated in the opinion of the court.

Wetmore & Davies, for Appellants.

George F. Jones, and A. F. Jones, for Respondent.

BURNETT, J.—The appeal is from a judgment in favor of plaintiff and respondent for lumber and material furnished to William F. Farr to be used and which was used in the construction of a sewer system for the city of Gridley, a municipal corporation of the sixth class. The action was brought under the provisions of the so-called Bond Act, approved March 27, 1897 (Stats. 1897, p. 201), as amended in 1911 (Stats. 1911, p. 1422).

The complaint contains two counts, one for the material furnished by plaintiff and the other on an assigned claim for

similar material furnished by the Diamond Match Company. A demurrer interposed by defendants was overruled and an answer was filed, and a trial had before the court. The appeal is on the judgment-roll alone.

1. There is no merit in the contention that by specific averment it should appear that the city was authorized to order the work done. The contract of suretyship upon which the action was brought contains this provision. "The condition of the above obligation is such that, whereas, the board of trustees of the city of Gridley, a municipal corporation of the sixth class, of the county of Butte, state of California, has heretofore awarded a contract to the above-named principal to do and perform the following work in said city of Gridley: . . . Now, therefore, if the above bounden William F. Farr fails to pay for any materials or supplies furnished for the said work contracted to be done, or for any work or labor thereon of any kind, the sureties on this bond will pay the same." Having recited in their undertaking the execution of said contract and, upon the strength of said recital, having induced materialmen to deliver material to be used under said contract, the sureties are estopped from saying that the contract was invalid. (*People* v. *Jenkins,* 17 Cal. 500; *People* v. *Huson,* 78 Cal. 154, [20 Pac. 369]; *Kiessig* v. *Allspaugh,* 91 Cal. 234, [27 Pac. 662]; *Moore* v. *Earl,* 91 Cal. 632, [27 Pac. 1087]; *People* v. *Hammond,* 109 Cal. 384, [42 Pac. 36].)

Besides, the presumption would be that the contract was legal, and if otherwise the burden would be upon defendants so to assert and prove. Indeed, the allegation of the ultimate fact that said Farr "entered into a written agreement with the city of Gridley . . . whereby said William F. Farr did covenant and agree to construct for said city a sewer system," etc., necessarily carried the implication that said contract was in accordance with the requirement of the law. This is true, at least, where the contract is, as here, manifestly within the scope of the authority granted to municipalities.

2. The second point made by appellants is that the complaint is insufficient because of its failure to allege that the work under the contract was completed. Indeed, it is expressly averred "that said work has never been completed." The contention that the action was prematurely brought is

based upon the fact that said act provides that the claims must be filed "within ninety days after the completion of the whole work." The significance of this expression, however, was elaborately considered in *French* v. *Powell*, 135 Cal. 636, [68 Pac. 92], in an opinion written by Commissioner Chipman. As stated therein, "Plaintiff's complaint sets forth three causes of action upon a bond executed by defendant Powell, as principal, and defendant company, as surety, under the provisions of the act of March 27, 1897 (Stats. 1897, p. 201). It is alleged that Powell entered into an agreement with the city of Los Angeles on February 8, 1889, to construct a tunnel in Third Street, from Hill to Flower streets, and to furnish at his own cost all the labor and material necessary therefor, *and that said work was never completed."* This case in every essential is like the one at bar and respondent's position was expressly approved that said language "shall within thirty days after the completion of the whole work" was meant simply "to set a limit of time after which such claims could not be filed and not to forbid the filing of a claim before the completion of the whole work, provided the claimant's demand is past due." Said decision has never been overruled, although it is the contention of appellants that two later decisions are in conflict with it. The first of these is *Republic Iron etc. Co.* v. *Patillo*, 19 Cal. App. 316, [125 Pac. 923], being an action under the so-called Vrooman Act. Therein the claimant was required to file a verified statement with the street superintendent, setting forth the amount of his claim, "within thirty days from the time the improvement was completed." In the opinion it is declared: "It may be said that until the street improvement work had been completed, under the terms of the statute the notice of plaintiff's claim could not have been properly filed, and any action brought on the bond prior to such completion, or before the occurrence of such events as might make a showing of formal completion unnecessary, would be premature." It is apparent, however, that the foregoing statement was unnecessary to the decision, as the vital defect in the case was the failure of the claimants to file their verified claim.

A similar situation existed in the other case, *Miles* v. *Baley*, 170 Cal. 151, [149 Pac. 45], in which the supreme court adopted the opinion of this court prepared by Justice Hart. The decisive question in that case was whether the bond is what

is known as a "common-law bond" or a statutory undertaking, appellant having contended that it was the former and that, therefore, it was not necessary to file a claim with the board of trustees as required by the statute.

As to both these cases, it appearing that the claimant had failed entirely to perform an act made essential by the statute to constitute a cause of action, it is quite plain that a discussion of the question as to the exact time when such act should be performed was of mere academic interest. In neither of said cases was the attention of the court called to the decision in *French* v. *Powell,* for the quite manifest reason, probably, that it was not in point as it involved the actual *filing* of a claim *before* the improvement was completed, while they were concerned with a situation where the improvement *had been completed* but *no claim* was filed at all.

The foregoing consideration involves the principal objection made to the complaint and is, as we think, not tenable. Indeed, appellants' synopsis of the complaint indicates its sufficiency. It is as follows: An allegation of "1. The incorporation of plaintiff. 2. The execution of a contract for the construction of a sewer with the city of Gridley and defendant Farr. 3. The execution of the bond by defendant Farr as principal, and defendants, Smith and Hueberger, as sureties. 4. The approval of the bond by the board of trustees of said city. 5. That plaintiff furnished lumber and material which was used in the construction of said sewer to the value of $515.20, no part of which has been paid except $17.50, allowed as credit, after demand. 6. That on June 2, 1913, plaintiff filed with the board of trustees of said city its verified claim. 7. That six months has not elapsed since the filing of said claim. 8. That said work has never been completed."

There is no finding nor was there any allegation that the bond was filed before the work was commenced by the contractor. It is, however, alleged and found that said bond was executed and approved by the trustees one day after the execution of said contract and it also appears that the material was furnished and used subsequently to the execution of said instruments. This shows a sufficient compliance with the requirement of the statute to authorize a suit on the undertaking for the recovery of the amount of said material.

3. We do not understand that it was necessary to allege or find that a demand was made on the sureties for payment. It was sufficient to show a breach of defendants' obligation and a compliance with the provisions of the statute on the part of plaintiff.

No other points seem to be insisted upon by appellants and we think no good reason has been suggested for reversing the judgment. It is therefore affirmed.

Chipman, P. J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 20, 1915.