COMMONWEALTH BONDING & CASUAL-
TY INS. CO. v. HARPER et al. .
(No. 8267.)

(Court of Civil Appeals of Texas. Ft. Worth.
Nov. 13, 1915.)

1. WITNESSES ⊂⊃255—EXAMINATION—USE OF
DOCUMENTS.

In an action to recover from a commission merchant and his surety the proceeds of a carload of cattle, the surety cannot complain that the commission merchant, who was examined as a witness, was allowed to refresh his memory as to the number of cattle shipped and sold and the net sum due the shipper, by examination of an account of sales prepared by his bookkeeper, where the witness testified that, having examined the account, he was able to testify from his recollection.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 874–890; Dec. Dig. ⊂⊃255.]

2. PRINCIPAL AND SURETY ⊂⊃160—EVIDENCE
—ADMISSIBILITY.

In an action against a commission merchant and his surety for the proceeds of a shipment of cattle, the account of sales and the check mailed to the shipper, which are admissible as original evidence against the merchant, can be received to establish as prima facie proof against the surety.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 436–438; Dec. Dig. ⊂⊃160.]

3. STIPULATIONS ⊂⊃18—EFFECT OF STIPULA-
TIONS.

Where it was agreed between the parties that appellant's bond should be considered as proved, recovery cannot be defeated because the statement of facts showed plaintiff merely "offered" the bond in evidence.

[Ed. Note.—For other cases, see Stipulations, Cent. Dig. §§ 41–54; Dec. Dig. ⊂⊃18.]

4. TRIAL ⊂⊃141 — DIRECTED VERDICT —
RIGHT TO.

Where the evidence was uncontradicted and defendant's liability was clearly established, it was proper to direct a verdict for plaintiff.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 336; Dec. Dig. ⊂⊃141.]

Buck, J., dissenting.

Appeal from District Court, Tarrant County; . R. B. Young, Judge.

Action by Dave Harper against F. P. Carson, trading as the Comet Commission Company, and the Commonwealth Bonding & Cas-

ualty Insurance Company. There was a judgment for plaintiff, and the last-named defendant appeals. Affirmed.

F. H. Haddix, of Los Angeles, Cal., and F. M.. Brantly, of Ft. Worth, for appellant. M. B. Simpson, of Ft. Worth, for appellee.

CONNER, C. J. This suit was instituted by Dave Harper against F. P. Carson, trading under the name of the Comet Commission Company, and the Commonwealth Bonding & Casualty Insurance Company, for the sum of $1,277.52, the alleged proceeds of a carload of cattle , charged to have been shipped by said Harper to said Commission Company at Ft. Worth, on or about 'March 10, 1914. It was alleged that the cattle had been sold by said commission company for the net sum of $1,277.52, and that no remittance or payment had ever been made to the plaintiff. The plaintiff further alleged that, prior to the sale mentioned, the Comet Commission Company, as principal, and the Commonwealth Bonding & Casualty Insurance Company, as surety, entered into an obligation in the sum of $10,-000, conditioned that the Comet Commission Company would—

"faithfully and truly perform all agreements entered into with consignors with respect to receiving, handling, selling and making remittances and payments for consignments made to said Comet Commission Company."

The plaintiff, therefore, sought by reason of the facts a recovery against the Comet. Commission Company and the Commonwealth Bonding & Casualty Insurance Company. The trial before a jury resulted in a judgment against both defendants as prayed for, and the Commonwealth Bonding & Casualty Insurance Company prosecutes this writ of error.

[1, 2] Error is first assigned to the action of the court in permitting defendant Frank Carson, owner of the Comet Commission Company, to refer to and examine an "account sales," which he testified had been made by his bookkeeper, purporting to state the number of the cattle shipped and sold, the amount of the expense and commission, and the net sum due the shipper, said net sum being the amount for which the plaintiff had sued. Plaintiff in error objected to this testimony on the ground that as to it the testimony was hearsay. While the witness testified that independent of the account sales, he was not able to state the number, weights, and values of the cattle exactly, yet the bill of exception, when considered as a whole, we think sufficiently shows that as against the plaintiff in error the witness was only permitted to use the account sales for the purpose of refreshing his memory. And he testified after having examined the paper, that his mind had been refreshed as to the amount involved in the transaction, and that, from an examination of the account sales and of the check issued by his company payable to the

plaintiff, the amount due the plaintiff was $1,277.52, which had never been paid. The evidence shows that after the sale of the cattle the account sales were made out and mailed with a check payable to the plaintiff Harper for the sum sued for, which account and check were received by Harper, and both of which, of course, were admissible as original evidence against the defendant Carson. Numerous authorities might be cited to the effect that such evidence was likewise at least prima facie proof against the surety. See Brandt on Suretyship and Guaranty, §§ 624–626. Thus, in the case of Placer County v. Dickerson et al., 45 Cal. 12, the Supreme Court of California held that the receipt of a county treasurer given to a tax collector for public money was prima facie evidence against the sureties on the treasurer's bond. To the same effect is the case of People v. Huson, 78 Cal. 154, 20 Pac. 369. See, also, Lasater v. Purcell Mill & Elevator Co., 22 Tex. Civ. App. 33, 54 S. W. 425.

However, we need not rest our conclusion upon this theory, for, as stated, it seems quite clear, from an examination of the bill of exceptions, that as against the plaintiff in error the only use made of the account sales rendered by the Comet Commission Company was for the purpose of refreshing the mind of the witness, who, upon his oath, thereafter stated the amount due, and no other evidence in the record even tends to refute the plaintiff's allegations that the cattle were shipped and sold as alleged, or that the proceeds thereof were of a less amount than as stated by the witness. We, therefore, think the assignment should be overruled, as also the second assignment, objecting to the introduction of the unpaid check, which had been issued by the commission company as above stated. The check but evidenced what was otherwise established, and its introduction at most was harmless.

[3, 4] Upon the conclusion of the testimony offered by the plaintiff the court peremptorily instructed the jury to render a verdict for the plaintiff for $1,277.52, and this instruction is assailed on a number of grounds. It is insisted that the bond of plaintiff in error declared upon was not proved, but the record affords no substantial basis for any such contention. We find the bond set out in the statement of facts, and, as appears by the agreement of the parties, was, among other things, "proved." The recitation, therefore, in the statement of facts that the plaintiff "offered" it in evidence affords no basis for the contention that it was not proven. Nor do we find any substantial basis for the contention that the legal evidence offered was such as to require the submission of the case to the jury. If it be assumed that the evidence of Carson as to the amount of his indebtedness to the plaintiff was, as we have held, properly admitted, every other fact necessary to the plaintiff's recovery was undoubtedly shown by undisputed testimony. There is no contention, in either pleading or proof, that there was any collusion between the plaintiff Harper and Carson, to whom Harper's cattle were shipped. The cattle were undoubtedly shipped as alleged, and sold as alleged, and, as we think, it is undisputed that they brought the net price proven. It is further undisputed that the plaintiff gave the indemnity bond declared upon, and there is no dispute as to its execution, nor as to its terms, nor is there a contention that the terms fail to bind the plaintiff in error to make good the failure of Carson to pay the price for which he sold the plaintiff's cattle. So that, as before stated, we see nothing left for a jury to determine. It is true the jury are the judges of the credibility of the witnesses, as well as of the weight to be given to their testimony, but, in the absence of proof of circumstance of some kind to cast suspicion upon the witnesses or transaction, it cannot be said that the jury would be authorized to disregard the testimony.

We conclude that there is no error as assigned, and that the judgment must be affirmed.

BUCK, J., dissenting.