THE NATIONAL SURETY CO. v. W. H. HOLLIDAY CO.
(No. 1679; Feb. 10, 1931; 295 Pac. 913)

For the plaintiff in error there was a brief by *W. O. Wilson,* of Cheyenne, Wyoming, and oral argument by *Mr. Wilson.*

For the defendant in error, there was a brief by *Corthell, McCollough and Corthell,* of Laramie, Wyoming, and oral argument by *Mr. A. W. McCollough.*

410

KIMBALL, Chief Justice.

This case was first brought to this court by appeal, and the appeal dismissed. 42 Wyo. 61, 289 Pac. 1094. The defendant in error, as plaintiff below, obtained judgment against the plaintiff in error and F. A. Bundy for a sum alleged to be due for materials furnished in the execution of a contract between defendant Bundy and the State Highway Commission for the construction of a federal aid highway project. The plaintiff in error is the surety on the bond given by Bundy to guarantee the performance of the contract. The sole question is whether the petition is sufficient to support the judgment against the plaintiff in error.

The bond was given pursuant to Section 329, W. C. S. 1920, for the benefit not only of the State Highway Commission but also of those who, like the plaintiff, furnished materials in the execution of the contract. Section 332, before amendment, provided that no action should be maintained on any such bond unless within 90 days after the furnishing of the last item of material, the plaintiff should serve upon the principal and his sureties a written notice specifying the nature and amount of his claim, nor unless the action be begun within one year after the cause of action accrued. Section 1 of Chapter 151, Laws of 1921 provides:

"Hereafter whenever any public work is let by contract, the commission, board or person under whose direction or supervision such work is being carried on and conducted and upon whose approval mean and final estimates are paid for the construction of such work, shall, ninety days before such final estimate shall be paid, cause to be published in a newspaper of general circulation, published nearest to the point at which such work is being carried on, once a week for three consecutive weeks, and also to post in three conspicuous places on such work, a notice setting forth in substance, that it has been reported to such commission, board or person that such work has been completed and that the contractor is entitled to final settlement therefor, and that all persons, firms or corporations who have any claims for work done or material furnished on such work shall, within thirty days from the date on which such notice shall last appear, file with such commission, board or person, a verified statement of his, its or their claims; also setting forth that if he, it or they shall fail to file their claim within the time prescribed by said notice, the state, county or municipality for which such commission, board or person shall be acting, shall in no wise be liable to any such person, firm or corporation for any claim he, it or they may have for materials furnished or work done in connection with such construction."

By Chapter 132, Laws of 1925, Section 332, *supra,* was amended to read as follows:

"Section 332. No action shall be maintained on any such bond unless within sixty days after the publication and posting of the notice provided for in Chapter 151, Session Laws, 1921, the claimant shall serve upon the principal and his sureties a written notice specifying the nature and the amount of his claim and the date thereof, and no action shall be maintained on any such claim unless it is begun within one year after the service of such written notice on such principal and surety."

The notice required by Section 1 of the act of 1921 we shall call the notice of completion of the work; the notice required by Section 332 we shall call the notice of claim. The alleged defect in the petition is that it fails to show a compliance with the statutes requiring these notices.

The plaintiff in error contends that service of the notice of claim within the time required by Section 332 is a condition precedent which must be pleaded in the petition to show a cause of action; while defendant in error contends that the requirement of notice of claim is merely a restriction upon the exercise of the remedy, and the failure to serve the notice a matter of abatement or limitation that should be raised by the pleadings of the defendant in the action. See Town Council v. Ladd, 37 Wyo. 419, 430-431, 263 Pac. 703. For the purposes of this case we shall assume, without deciding, that the contention of the plaintiff in error on this point should be sustained.

The petition contains the following allegations:

"That plaintiff is informed and believes, and therefore alleges the fact to be that on or about September 3, 1927, the said road and work on said contract on said Project No. 156-B was completed and thereupon the said State Highway Commission caused to be published in the Laramie Republican Boomerang under dates of September 3, 10 and 17, 1927, a notice of the completion of the said

work and a final payment thereunder; a copy of which notice is hereunto attached, marked 'Exhibit C' and made a part of this petition.

"That thereafter, on September 13, 1927, and within and prior to thirty (30) days from the final publication of said notice as aforesaid, the said plaintiff filed with the State Highway Commission its claim for goods, wares, merchandise and materials furnished as aforesaid; and that on said date of September 13, 1927, and within sixty (60) days after the publication of said notice, the said plaintiff served upon the said defendant, F. A. Bundy, and upon said defendant, National Surety Company, a written notice specifying the nature and amount of plaintiff's claim and the date thereof in the manner and form required by the laws of the State of Wyoming, and that plaintiff on its part has duly performed all the conditions precedent to commencing this action."

Other allegations show that the last item of material was furnished by plaintiff to the contractor on August 10, 1927. The suit was commenced May 10, 1928.

The petition by its allegations and the attached exhibit shows that the notice of completion of the work was issued and published at the proper time, and that while it was being published, but before its last publication, plaintiff served on defendants the notice of claim. It fails to allege that the notice of completion of the work was posted on the work, as required by Section 1 of the law of 1921.

The plaintiff in error contends that the action on the bond cannot be maintained in the absence of allegations in the petition showing not only service of the notice of claim required by Section 332, but also that such service was made within a specific 60-day period after both publication and posting of the notice of completion of the work.

It is not necessary in this case to decide the precise date of the commencement of the 60-day period, mentioned in Section 332. The allegations of the petition leave no room for the contention that the notice of claim was served

more than 60 days after the publication or posting of the notice of completion of the work. The notice of claim was served before the last publication, and, possibly, before the posting of the notice of completion of the work; and, as we shall assume, before the beginning of the 60-day period mentioned in Section 332. The only question is whether the notice was served prematurely.

The notice given pursuant to Section 1 of the law of 1921 is for the information and warning of laborers and material-men. The fact of which they are notified is the completion, or reported completion, of the work, and the warning is of what may follow affecting their claims. When the work has been completed, and the claimant becomes entitled to notice of that fact, we see no reason for holding that he may not serve his notice of claim without waiting for the publication and posting of the notice of completion of the work. No reason has been suggested for such a holding, except the language of Section 332, requiring the notice of claim to be served "within 60 days after the publication and posting" of the notice of completion of the work. We cannot give our approval to the view that this language prescribes a specific 60-day period during which the notice of claim must be served. Applying a familiar rule of construction, mentioned by this court in Hahn v. Citizens State Bank, 25 Wyo. 467, 476, 171 Pac. 889, 172 Pac. 705, the words of limitation in Section 332 must be held to fix only the limit beyond which the notice may not be served, and not the time at which the right to serve the notice commences. Authorities, in addition to those cited in Hahn v. Citizens State Bank, *supra,* showing the application of the rule to situations not unlike that in the case at bar are: Waterbury Lumber and Coal Co. v. Coogan, 73 Conn. 519, 48 Atl. 204; French v. Powell, 135 Cal. 636, 68 Pac. 92; Live Oak Lumber Co. v. Farr, 28 Cal. App. 641, 153 Pac. 741; Hotel Company v. Tacoma, 122 Wash. 335, 210 Pac. 676; Baldridge v. Mor-

416

gan, 15 N. Mex. 249, 106 Pac. 342, Ann. Cas. 1912C, 337; Fidelity & Casualty Co. v. Sinclair Refining Co., (Ind. App.) 156 N. E. 169.

We are of opinion the petition supports the judgment, which is affirmed.

*Affirmed.*

BLUME and RINER, JJ., concur.