(C. D. 1473)

THE FAN CO.
NATIONAL CARLOADING CORP. } *v.* UNITED STATES

United States Customs Court, Third Division

(Decided November 7, 1952)

*Strauss & Hedges* (*James F. Donnelly* and *Harry A. LeBien* of counsel) for the plaintiffs.
*Charles J. Wagner*, Acting Assistant Attorney General (*Harold L. Grossman*, special attorney), for the defendant.

Before CLINE, EKWALL, and JOHNSON, Judges; CLINE, J., not participating

EKWALL, Judge: In this protest it is claimed that the collector should have made an allowance in duty for that portion of the merchandise which was abandoned under the provisions of section 506 (1) of the Tariff Act of 1930.

At the trial the case was submitted on an agreed statement of facts, and all the papers transmitted by the collector with the protest were admitted into evidence.

It appears that the shipment consisted of 14 cases of bamboo mesh wallpaper, or hanging paper, of which cases No. 5 and No. 20 were sent to the public stores for examination. Entry was made and estimated duties paid on or about April 27, 1948. The merchandise was entered as hanging paper under the provisions of paragraph 1409 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T. D. 51802, at 1 cent per pound and 10 per centum ad valorem. It was appraised on May 4, 1948, and advisorily classified as articles manufactured wholly or in part of

bamboo under paragraph 409 at 45 per centum ad valorem. As the advance in rate amounted to over $50 in increased duties, no delivery was made of cases No. 5 and No. 20. They remained in public stores and no order of release was ever issued.

The entry was liquidated on March 17, 1949, and a notice of increased duty sent to the importer. On May 12, 1949, the importer sent a letter to the collector, stating:

We refer to the above mentioned shipment which was liquidated on March 17, 1949. This shipment arrived and on examination the contents were found to be in a mildewed condition and the Appraiser has so noted on his return.

In as much as this merchandise has no Commercial Value in its present condition, we respectfully request permission to abandon these two (2) cases which are presently in custody at the U. S. Appraiser's Stores and due allowance be made for duty on these cases.

On May 13, 1949, the plaintiffs filed a protest against the payment of increased duties on the two cases which were being held in the public stores. On February 1, 1951, the increased duties of $211.40, as demanded, were paid. On March 6, 1951, an order to transfer for sale was sent to the storekeeper at the appraiser's stores, stating that the two cases, being unclaimed, were subject to sale. On the reverse side of the plaintiffs' letter requesting abandonment, the following notations appear:

Seizure Room Mar 6–1951

Respectfully referred to the U. S. Appraiser for examination, appraisement and report, with view to sale under Section 491, Tariff Act of 1930.

HARRY M. DURNING, Collector
By [initial illegible] Clerk

Respectfully returned to the Collector with the report that upon examination the merchandise was identified as that described within.

The same consisting of 100 Sheets Damaged Bamboo Mesh Wallpaper, tendered for abandonment, represents more than 5% of the total value of all the merchandise of the same kind or class entered.

On April 19, 1951, the two cases were sold at public auction.

The pertinent provisions of the tariff act and the regulations issued thereunder are as follows:

SEC. 506. ALLOWANCE FOR ABANDONMENT AND DAMAGE.

Allowance shall be made in the estimation and liquidation of duties under regulations prescribed by the Secretary of the Treasury in the following cases:

(1) ABANDONMENT WITHIN THIRTY DAYS.—Where the importer abandons to the United States, within thirty days after entry in the case of merchandise not sent to the appraiser's stores for examination, or within thirty days after the release of the examination packages or quantities of merchandise in the case of merchandise sent to the appraiser's stores for examination, any imported merchandise representing 5 per centum or more of the total value of all the merchandise of the same class or kind entered in the invoice in which the item appears, and delivers, within the applicable thirty-day

period, the portion so abandoned to such place as the collector directs unless the collector is satisfied that the merchandise is so far destroyed as to be nondeliverable;

**15.3** [Customs Regulations of 1943] **Abandonment of merchandise under section 506 (1). Tariff Act of 1930.**—(a) A written notice of any abandonment under section 506 (1), Tariff Act of 1930, shall be filed with the collector of customs at the port where the entry is filed within 30 days after the date of entry or, in the case of examination packages, within 30 days after release, whether or not delivery is taken by the importer immediately after entry or release as the case may be.

(b) The party abandoning the merchandise shall identify it with that described in the invoice used in making entry to the satisfaction of the collector, who shall cause such examination thereof to be made as may be necessary to verify such identification. * * *

Plaintiffs claim that they have fully complied with the statutory provisions and the regulations in that they filed a written notice of abandonment with the collector prior to the expiration of the time limit provided by the statute, "within thirty days after the release of the examination packages," and that the merchandise was identified to the satisfaction of the collector as appears from the notations on the reverse side of the plaintiffs' letter requesting abandonment. The Government contends, on the other hand, that the plaintiffs have not complied with the statute and the regulations because the notice of abandonment was filed at a time when the merchandise had not been released from customs custody.

The solution of this question depends upon the meaning to be given the phrase "within thirty days after the release of the examination packages" in section 506 (1). Under plaintiffs' theory, it is a statute of limitations setting a time limit after which the merchandise could not be abandoned. Under defendant's contention, however, it marks a period during which action for abandonment could be taken, but that such action could not be taken before or after such period.

Prior to the enactment of the Tariff Act of 1930, tariff statutes provided that an allowance in duties could be made where an importer abandoned a certain percentage of the total value or quantity of the merchandise "within ten days after entry." See section 505 (1), Tariff Act of 1922; paragraph X, Tariff Act of 1913; section 22, Tariff Act of 1909. In a Memorandum of Court Decisions Affecting Tariff Act of 1922, prepared for use of the Committee on Ways and Means of the House of Representatives in drafting a new tariff act, it is stated (p. 78):

Under Sec. 505 (1) [Tariff Act of 1922] allowance in duty shall be made where importer abandons "within ten days after entry." It is represented that in certain instances goods remain in customs custody more than ten days and that the importer does not learn of conditions which render abandonment desirable until it is too late to take advantage of this provision.

Should the clause be amended to meet this contingency?

This viewpoint was also set out in a brief of the Los Angeles Chamber of Commerce submitted to the said Committee on Ways and Means and it was proposed that the provision be amended to read "within 10 days after release from customs custody." (Hearings before the Committee on Ways and Means, House of Representatives, 70th Cong., 2d sess., vol. XVI, p. 10627.) The bill (H. R. 2667, 71st Cong., 1st sess.) as passed by the House of Representatives provided for an allowance in duties where merchandise was abandoned "within ten days after entry in the case of merchandise not sent to the appraiser's stores for examination, or within ten days after the release of the examination packages or quantities of merchandise in the case of merchandise sent to the appraiser's stores for examination." In the report of the Committee on Ways and Means, it is stated (Report to Accompany H. R. 2667, p. 177):

Section 505 of the 1922 Act authorizes allowance in the estimation and liquidation of duties where the importer abandons, within 10 days after entry, 10 per cent or more of the total value or quantity of merchandise in any invoice. Under this provision, if only one or two packages are entered the whole shipment may go to the appraiser's stores and the importer may not learn of damages or desire to abandon until after the legal period has elapsed. To remedy this situation, which obviously may result in injustice to the importer, the bill (in section 506, corresponding to section 505 of the 1922 Act) authorizes the allowance if the importer abandons within 10 days after the release of the examination packages or quantities of merchandise in the case of merchandise sent to the appraiser's stores for examination.

In the Senate, and in the final enactment, "thirty days" was substituted wherever "ten days" appeared in the section as passed by the House of Representatives.

It is clear, therefore, that the changes were made in order to give importers more time in which to examine their merchandise and file notices of abandonment. It was contemplated that importers would wish to inspect the merchandise received from the appraiser's stores before taking action, but there appears to be no reason why abandonment could not be made sooner if the importer so elected. In the instant case, for example, there was no need for an inspection since the appraiser's report stated that the merchandise was mildewed. Note the following statement in *Harrison Corp.* v. *United States*, 10 Cust. Ct. 16, C. D. 715, at pages 20–21:

Paragraph X of section III of the Tariff Act of 1913 and subsection 22 of section 28 of the Tariff Act of 1909 appear to be the prototype provisions to section 506 of the Tariff Act of 1930, which section evidences a congressional intent to permit abandonment of merchandise entered *for consumption* whether or not the packages have been released to the importers. * * * [Italics quoted.]

In some circumstances, limitation of an action to within so many days after a specified event clearly means that it must be taken during the stated period and not before, since the action itself is dependent

upon the happening of the event. For example, notices of appeal must be filed within a certain time after a decision is rendered, but, of course, no appeal could be taken before there was a decision to be appealed from. However, a different situation obtains where, as here, the action is not dependent upon the happening of the specified event. See, for instance, *Live Oak Lumber Co.* v. *Farr*, 28 Cal. App. 641, 153 Pac. 741, which involved an action for materials furnished for a city sewer. The pertinent statute provided that claims must be filed "within thirty days after the completion of the whole work." It was held that a claim filed before the completion of the work, which it was averred had never been completed, was not premature since the provision meant to set a limit of time after which such claims could not be filed and not to forbid their filing before the completion of the work.

It is our view that the phrase "within thirty days after the release of the examination packages" in section 506 (1), *supra*, was meant to set a limit of time after which merchandise could not be abandoned and not to forbid such abandonment prior to the release of the examination packages. Therefore, the importer's abandonment in the instant case is valid and an allowance in duty should be granted.

The Government calls to our attention section 491 of the Tariff Act of 1930. It appears from the papers transmitted with the protest that the sale of the merchandise on April 19, 1951, may have been held under the supposed authority of that section. Said section, as amended by the Customs Administrative Act of 1938, provides:

SEC. 491. UNCLAIMED MERCHANDISE.

Any entered or unentered merchandise (except merchandise entered under section 557 of this Act, but including merchandise entered for transportation in bond or for exportation) which shall remain in customs custody for one year from the date of importation thereof, without all estimated duties and storage or other charges thereon having been paid, shall be considered unclaimed and abandoned to the Government and shall be appraised by the appraiser of merchandise and sold by the collector at public auction under such regulations as the Secretary of the Treasury shall prescribe. * * *

It has been held that the predecessor of this section (section 491, Tariff Act of 1922) applied only to unclaimed merchandise and did not cover goods the owner of which was known and who asserted such ownership and made expenditure for their keeping. *Robinson & Co. et al.* v. *United States*, 14 Ct. Cust. Appls. 209, T. D. 41705; *Thomas D. Toy & Co.* v. *United States*, 51 Treas. Dec. 850, T. D. 42230; *A. D. Thomson & Co.* v. *United States*, 55 Treas. Dec. 677, T. D. 43355. In the instant case, it appears that the merchandise was entered for consumption, the owner known, and estimated duties paid. There is no showing that any other amounts were due until the liquidation of the entry. Shortly thereafter, the importer abandoned the merchandise pursuant to the provisions of section 506 (1). Under these circumstances, section 491, as amended, is not applicable.

Although section 491 is mentioned in the notation on the reverse side of plaintiffs' letter requesting abandonment, *supra*, it appears that otherwise the case was treated as an abandonment under section 506 (1). Thus, on the consumption entry is a stamped notation, "NOTE ABANDONMENT UNDER SEC. 506, PARAGRAPH 1 TARIFF ACT OF 1930, ATTACHED," and on the order to transfer for sale, attached to the papers submitted, is a typed notation, "ABANDONED SEC 506 TA."

At the conclusion of the collector's memorandum in the present case is the following statement:

> The merchandise was abandoned subsequent to the liquidation of the entry so that no action could be taken by the Collector on the importer's letter. The protest was timely filed, but the Collector's period to review and affirm or modify has lapsed. The papers are being forwarded for adjudication by the Customs Court.

The entry was liquidated on March 17, 1949. Plaintiffs' request for abandonment was made on May 12, 1949, 5 days prior to the day the liquidation became final. Plaintiffs should not be penalized for the collector's failure to act during that period to grant an allowance in duties under section 506(1). The Government cannot, by retaining the merchandise in customs custody long after it was abandoned by the plaintiffs, effectively prevent such abandonment and consequent allowance in duties.

We hold that, the two cases of merchandise involved herein having been abandoned under the provisions of section 506(1) of the Tariff Act of 1930 and the regulations issued thereunder, the plaintiffs are entitled to an allowance in duty for such abandoned merchandise. The protest is sustained and judgment will be rendered accordingly.