### GREGORY v. CORPUS CHRISTI NAT. BANK. (No. 6368.)

(Court of Civil Appeals of Texas. San Antonio. March 31, 1920. Rehearing Denied April 28, 1920.)

1. **Witnesses** ⬉255(7), 257 — **Bookkeeper properly permitted to refresh memory as to entries.**

In action on notes, trial court properly permitted plaintiff's bookkeeper to consult a book kept by him to refresh his memory as to entries made therein in connection with notes in suit, and it was not incumbent on plaintiff to present book in evidence.

2. **Trial** ⬉352(1)—**Court not required to isolate charge coupled with an issue.**

Trial court was not required to separate issues one from another so as to isolate a requested charge, coupled with and made dependent on the issue immediately preceding it.

3. **Bills and notes** ⬉539—**Finding maker indebted at execution a finding of consideration.**

In bank's suit on notes, finding by jury in response to issue that when smaller note was executed defendant was indebted to bank was in effect a finding of consideration for such note.

4. **Trial** ⬉351(5)—**Refusal of charges not erroneous where issues submitted and answered.**

In bank's suit on notes, where jury's answers in response to questions fully met two issues of payment of one note and lack of consideration for another made by defendant, refusal of certain other issues *held* not erroneous.

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Suit by the Corpus Christi National Bank against C. W. Gregory. From judgment for plaintiff, defendant appeals. Affirmed.

J. C. Scott, of Corpus Christi, for appellant.

Kleberg, Stayton & North, of Corpus Christi, for appellee.

FLY, C. J. This is a suit on two promissory notes. One of these is dated September 11, 1916, and is for $1,522.51, and the other for $190.14, and dated June 17, 1918, the first due on February 13, 1917, and the latter on August 13, 1918, both executed by

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

appellant in favor of appellee. Appellee sought to recover on the two notes, less credits alleged, and to foreclose a chattel mortgage on 50 Jersey cows and their increase, given by appellant to secure payment of the notes. The defense was that the larger note had been paid off by the execution of a note for $1,000, which had been paid, and that there was no consideration for the smaller note. The cause was submitted by the court on three special issues, as follows:

"Special issue No. 1. Say whether or not it has been shown by a preponderance of the evidence that on or about May 14, 1917, the plaintiff, by and through its officer or agent, received and accepted from the defendant, in renewal of the note herein sued upon by the plaintiff bearing date September 11, 1916, for the principal sum of $1.522.51, a promissory note made by the defendant in favor of the plaintiff, made payable 90 days after its date to the order of the plaintiff, for the principal sum of $1,000 and bearing interest at the rate of 10 per cent. per annum from maturity until paid. Answer by saying Yes or No.

"Special issue No. 2. If you answer the foregoing special issue by saying Yes, then say whether or not it has been shown by a preponderance of the evidence that said renewal note has been paid off and discharged by the defendant. Answer by saying Yes or No.

"Special issue No. 3. Say whether or not it has been shown by a preponderance of the evidence that at the time of his making the note for the principal sum of $190.14, bearing date June 17, 1918, in favor of the plaintiff, the defendant was indebted to the plaintiff in any sum or sums of money, or owed plaintiff any money. Answer by saying Yes or No."

The first and second were answered in the negative and the third in the affirmative, and on the answers judgment was rendered in favor of appellee for the sum of $1,360.21, with interest at 10 per cent. from date of judgment, and for a foreclosure of the chattel mortgage.

[1] The first assignment of error complains of the action of the court in permitting Burton Dunn, a bookkeeper in the employ of appellee, to consult a book kept by him in order to refresh his memory as to certain entries made therein in connection with the two notes on which the suit was based. The proposition is that it is improper to permit a witness to take or read his answer from a book which was not introduced in evidence and which was not shown to be original evidence. The bill of exceptions shows that the witness did not read from the book, but merely obtained therefrom the amounts of payments made by appellant and dates of same. The qualification of the bill of exceptions by the court shows that the witness held the notes in his hand while testifying, and merely referred to the book to refresh his memory as to dates and figures on the notes. The book was lying open on the witness stand, and appellant could have examined it had

he so desired, but he made no request to see or examine the book. The court did not err in permitting the witness to consult the account book in order to refresh his memory. The rule permitting a witness to refresh his recollection of figures by inspecting a book of accounts kept by the witness is too well settled to admit of discussion, and it is not incumbent on the party offering the witness to present the book in evidence. Railway v. Blanton, 63 Tex. 109; Railway v. Mitchell, 127 S. W. 876; Commonwealth Co. v. Harper, 180 S. W. 1156; Cobb v. Riley, 190 S. W. 517. The subject is fully discussed by Prof. Wigmore in his book on Evidence, §§ 734, to 764, and the action of the trial judge herein fully sustained.

The second and third assignments of error are overruled. When the witness Joseph Hirsch answered that he had only discovered that he had given a receipt for $552.57, when it should have been $522.57, on the day before he testified, he fully answered the question as to whether he had only found out the mistake after filing this suit. He had stated before that he had only discovered the mistake on the day before. The suit was filed on October 19, 1918, and the witness swore he discovered the error on September 8, 1919. It was not improper for the judge to state that the witness had already answered the question, because he had. The whole matter is utterly immaterial anyway.

[2-4] The fourth assignment of error complains of the refusal of a charge requested by appellant, but fails to copy the charge into his brief, but which the record reveals was embodied in a list of four special issues requested by appellant, and the charge whose refusal is complained of was coupled with and made dependent on the issue immediately preceding it, which had been fully presented by the court. The court was not required to separate the issues one from another, and if he had done so the fourth charge would have been unintelligible. Appellant claimed in his answer full payment of the note sued on for $1,522.51, and that there was no consideration for the note for $190.14. The only issues, therefore, were, had the large note been paid, and was the smaller without consideration? The jury in response to an issue submitted by the court found that when the $190.14 was executed appellant was indebted to appellee. That was in effect a finding that there was a consideration for the note. The jury, in response to a preceding question, found that the balance on the $1,522.51 had not been paid by the execution of a note for $1,000 by appellant. The two answers fully met the two issues, made by appellant, of payment and lack of consideration. If appellant owed anything on the note for $1,522.51, he owed the amount claimed by appellee, and the jury settled it that he owed that amount. That there was a mis-

take in the receipt given by the bank to ap-. pellant was testified to by Hirsch, and that testimony was not contradicted. So in regard to the note for $190.14, appellant owed that amount or he owed nothing. The jury, on competent evidence, found that he was indebted to appellee, and the evidence sustains the finding.

The judgment is affirmed.